HIGHLAND VIEW HOSPITAL v. DEMPSEY.

(No. 33616—Decided October 19, 1972.)

Municipal Court of Cleveland Heights.

*Mr. Philip Kasdan* and *Messrs. Ginn & Haase*, for plaintiff.

*Mr. Thomas Paris* and *Messrs. Christianakis & Paris*, for defendant.

D. JAFFE, Acting J. The matter before the court is plaintiff's motion for substitution pursuant to Rule 25(A)

(1), Ohio Rules of Civil Procedure. The records of the court reflect that on February 15, 1968, plaintiff obtained a judgment by virtue of a confession of judgment clause in a cognovit note. Subsequently, on March 26, 1968, the judgment was vacated. Some time thereafter, defendant Gallavan was adjudicated a bankrupt and received an appropriate discharge by the Federal Bankruptcy Court. As to this defendant the court has already issued a separate order barring the institution of any execution proceedings.

As to defendant Dempsey the record reflects that on August 16, 1972, her counsel provided this court with a statement of Dempsey's death, and on August 24, 1972, plaintiff filed a motion for substitution pursuant to Civil Rule 25(A)(1). A hearing was held on October 13, 1972, at which time counsel for plaintiff and counsel for the decedent appeared and arguments were heard. At the hearing on the motion it was represented to the court that defendant Dempsey died intestate with no surviving spouse or known heirs; that no administration of Dempsey's estate has been made; that the estate has not been relieved from administration and that even if administration should occur, there are no assets which would belong to the estate.

Civil Rule 25(A)(1) provides in pertinent part: "If a party dies and the claim is not thereby extinguished, the court shall, upon motion, order substitution of the *proper parties*." (Emphasis added.) Plaintiff has urged that this court, *sua sponte*, make a determination as to the "proper party" and has suggested the appointment of a guardian *ad litem* for the protection of decedent's interests.

Consistent with R. C. 2305.21 and 2311.21 the parties agreed that the cause of action asserted herein is not extinguished by the death of defendant Dempsey.

Rule 17(A), Rules of Civil Procedure, requires that an action be prosecuted or defended by the "real party in interest." Civil Rule 17(A) recognizes that substitution of a party may be a necessary prerequisite in order to have the "real party in interest" before the court. Plaintiff's counsel has argued that a liberal interpretation of Civil Rule 25(A)(1) suggests that the proper party could be a guardian *ad litem* without the necessity of instituting pro-

ceedings in Probate Court. Counsel for the decedent has asserted that plaintiff should proceed against the estate. No case law or interpretation of Civil Rule 25(A)(1) has been presented which fully answers or resolves the query.

R. C. 2113.06 in pertinent part provides:

"Administration of the estate of an intestate shall be granted to persons mentioned in this section, in the following order:

"If there are no persons entitled to administration, or if they are for any reason unsuitable for the discharge of the trust, or if without sufficient cause they neglect to apply within a reasonable time for the administration of the estate, the right to priority shall be lost and the court shall commit the administration to some suitable person who is a resident of the county. Such person may be a creditor of the estate."

In light of R. C. 2113.06 it is this court's inescapable conclusion that the "proper party" under Civil Rule 25(A)(1) would be the party appointed by the Probate Court pursuant to R. C. 2113.06. That section is also clear that the administrator of the estate could be a creditor.

In addition R. C. 2117.01-2117.03 set forth the mechanics and procedure available to an administrator who is also a creditor of the estate.

In the case of *Wrinkle* v. *Trabert* (1963), 174 Ohio St. 233, the plaintiff was injured in an automobile accident. The operator of the car colliding with plaintiff's vehicle was killed and shortly after his death the probate court relieved his estate from administration, thus no administrator was ever appointed. The plaintiff's attorney filed an application in the Probate Court for the appointment of Trabert as administrator of the decedent's estate. A number of issues were raised in the *Wrinkle* case but to the extent applicable herein the Supreme Court commented at pages 237-238:

". . . where one has a claim against an estate, it is incumbent upon him, if no administrator has been appointed, to procure the appointment of an administrator against whom he can proceed."

In the case of *In re Estate of George* (1970), 24 Ohio

St. 2d 18, the plaintiff suffered personal injuries in an automobile collision in which one Harry George suffered fatal injuries. The decedent's sons were appointed as administrators of the estate, the estate was settled and the administrators were discharged without plaintiff ever presenting a claim for the personal injuries to the administrators nor was any suit filed against them during their administration. Within the applicable time limit, however, the plaintiff filed an application in the Probate Court requesting that the estate be reopened and that the administrators be requalified solely for the purpose of permitting them to receive service of summons in the personal injury lawsuit. The application had alleged that the decedent was indemnified by virtue of a liability insurance policy. The Supreme Court held that the plaintiff's application was proper and that the administrators could be requalified for the purpose of receiving service of process. The court stated at pages 21-22:

"We hold that in a negligence action for the recovery of damages, instituted under R. C. 2117.07 against an administrator seeking to recover only from the decedent's liability insurer, where the administrator of the estate of the decedent has been discharged and the estate closed, the probate court may reappoint the administrator or appoint some other suitable person for the purpose of accepting service of summons."

Although the *Wrinkle* and *In re George* cases dealt with tort claims and did not involve a direct interpretation of Civil Rule 25(A)(1) this court is persuaded that the reasoning of those cases are applicable to the matter herein.

It is therefore this court's conclusion that the "proper party" under Civil Rule 25(A)(1) for purposes of substitution must be such person appointed by the Probate Court under R. C. 2113.06 based upon the representation that Geraldine Dempsey died intestate.

Therefore, plaintiff's motion for substitution is granted in accordance with this opinion. Plaintiff is also granted leave to amend its pleadings pursuant to Rule 15, Rules of Civil Procedure by December 1, 1972, and to obtain appropriate service thereon pursuant to Rules 4 and 5, Rules of Civil Procedure.