LAWRESZÜK ET AL., APPELLANTS, *v.* NATIONWIDE INSURANCE COMPANY, APPELLEE.

(No. 2598—Decided December 29, 1977.)

*Mr. Edward Kancler,* for appellants.
*Mr. Walter J. Morey,* for appellee.

VICTOR, J.    Plaintiff-appellant, Michael Lawreszuk, brought this action directly and solely against the insurance company of a decedent, Donna Logan, who allegedly injured him in an automobile accident.    No estate for the alleged tortfeasor was opened, and no administrator was appointed.    The trial judge dismissed the action on defendant's second motion to dismiss.

Plaintiff appeals and claims as error:

"1. Under the authority of *Heuser* v. *Crum,* 31 Ohio St. 2d 90, 285 N. E. 2d 340 (1972), when a tortfeasor dies in a motor vehicle collision, and no estate is ever opened for said decedent, but decedent was covered by liability insurance, suit may be brought directly against the insurer, and service of summons thereon is sufficient to commence and maintain the action.    By reason thereof, it is prejudicial error to grant the liability insurer's motion to dismiss and motion for summary judgment.

"2. The action of the Trial Court, in granting Dismissal and Summary Judgment after initially overruling said Motion, nine months earlier, constitutes prejudicial error, especially when no new matter was presented to the Court respecting the renewed Motion to Dismiss and/or for Summary Judgment.

"3. The trial court committed prejudicial error in holding that *Heuser* v. *Crum, supra,* only applies to cases where plaintiffs failed to first obtain judgment against decedent's estate, and that such judgment must first be obtained before proceeding against the insurer.

"4. The trial court committed prejudicial error in granting defendant-appellee's Motion to Dismiss and for Summary Judgment, when defendant-appellee had failed to affirmatively plead either misjoinder or non-joinder of parties defendant."

We first consider those assignments of error arguing the applicability of *Heuser* v. *Crum* (1972), 31 Ohio St. 2d 90, and then those claims of error dealing with the trial court's handling procedure on the motions to dismiss.

### Assignments of Errors One and Three

Both claims of error present the major issue in this appeal: whether an injured plaintiff may directly sue a decedent tortfeasor's insurance company when no administrator was appointed for the tortfeasor, or whether the claim against the insurance company may proceed only after (or if joined with) an action against either the estate or a representative of the decedent.

Plaintiff maintains that *Heuser* v. *Crum, supra,* stands for the proposition that the direct action may be maintained under the facts of this case, *i. e.,* where no estate was opened and no administrator or representative was appointed.

Prior to *Heuser*, plaintiff could not maintain a suit against a tortfeasor's insurer until he obtained a judgment against the tortfeasor or against the tortfeasor's estate. *Canen* v. *Kraft* (1931), 41 Ohio App. 120; *Steinbach* v. *Maryland Cas. Co.* (1921), 15 Ohio App. 392; see also, *Luntz* v. *Stern* (1939), 135 Ohio St. 225; *Chitlik* v. *Allstate Ins. Co.* (1973), 34 Ohio App. 2d 193.

The Supreme Court altered that rule in *Heuser* insofar as it permitted an action to be maintained jointly against a decedent tortfeasor's estate and the insurance company. The court recognized that, requiring the presence in the action of the administrator or of another "suitable person," was essentially requiring the trial court to maintain a masquerade on behalf of the insurance company.

More is involved than the doctrine that the jury should not discover the insurance company's availability

as a source of funds. In the absence of some judgment against the insured or the insured's representative, there is no legal liability to pay. The insurance company's liability is only derivative. It is only liable if the alleged tortfeasor has been found liable.

While an injured party has a "substantial" right on the tortfeasor's policy from the time of injury, that right is not vested until a judgment against the tortfeasor is secured. *Hartford Accident & Indemnity Co.* v. *Randall* (1932), 125 Ohio St. 581. The injured party is not a third party beneficiary of the insurance contract. *Chitlik* v. *Allstate Ins. Co., supra; cf. Alms & Doepke Co.* v. *Johnson* (1954), 98 Ohio App. 78. The injured plaintiff has no statutory or common law right to recover directly on the insurance contract.

If the tortfeasor is deceased, the plaintiff must, prior to or contemporaneously with the suit against the insurance company, obtain some judgment against the tortfeasor as represented by an administrator or by some "suitable" person other than the insurance company. *Cf. Heuser* v. *Crum, supra.* It may be possible for the plaintiff to petition the court to have someone appointed to represent the deceased. See *Wrinkle* v. *Trabert* (1963), 174 Ohio St. 233.

Plaintiff failed either to obtain a judgment against the tortfeasor before suing defendant or to join the claim against defendant with a claim against the decedent's representative. The trial court's reasoning and decision were, therefore, correct.

Assignments of errors one and three are accordingly overruled.

*Assignments of Errors Two and Four*

Here the plaintiff questions the propriety of the procedure involved. Plaintiff says the action of the trial court, in granting a dismissal and summary judgment after initially overruling the motion nine months earlier, constitutes prejudicial error especially when no new matter was presented to the court respecting the renewal of the motion to dismiss and for summary judgment.

The trial court originally denied defendant's first motion for summary judgment but, after the trial date had been set, granted defendant's motion styled "Motion to Dismiss or in the alternative Request for Reconsideration of Motion for Summary Judgment."

While the trial court failed to expressly grant leave to file this motion, such failure is not a ground for reversal here. The court effectively granted leave by considering the motion on its merits. Defendant did not move to strike the motion.

Further, the motion can be considered as a motion for judgment on the pleadings, Civ. R. 12(C), or as a motion to dismiss under Civ. R. 12(B)(6), either of which can be made without leave of court. The grounds for dismissal raised are not those waived by a failure to present them in an earlier motion or pleading. *Cf.* Civ. R. 12(H).

Only one affidavit was filed concerning the motion for summary judgment. That affidavit, filed by plaintiff, brought no new matter to the court's attention and raised no disputes as to the facts of the case. Its only "new" matter was the legal conclusion that plaintiff had no choice in this case but to proceed directly against the insurance company. *Cf. Wrinkle* v. *Trabert, supra.*

We find no merit in assignments of errors two and four and overrule them.

The judgment is, accordingly, affirmed.

*Judgment affirmed.*

MAHONEY, P. J., and BELL, J., concur.