SOKOL ET AL., APPELLANTS, *v.* SWAN SUPER CLEANERS, INC. ET AL. APPELLEES.

(No. 83AP-1124—Decided August 13, 1985.)

*Porter, Wright, Morris & Arthur* and *William M. Todd,* for appellants.

*Vorys, Sater, Seymour & Pease* and *Diane Marshall Ennist; Lane, Alton & Horst* and *John M. Alton,* for appellee Swan Super Cleaners, Inc.

*Graham, Dutro & Nemeth, James L. Graham* and *Robert H. Willard,* for appellees United States Fidelity & Guaranty Co., R.S. Landen Adjustment Co., Donald M. Rouch and R.S. Landen.

*Squire, Sanders & Dempsey* and *Janice M. Bernard,* for appellee Alex N. Sill Adjustment Co.

MOYER, J. This matter is before us on the appeal of plaintiffs-appellants, Si and Barbara Sokol ("the Sokols"), from a summary judgment of the Franklin County Court of Common Pleas in favor of defendant-appellee Swan Super Cleaners, Inc. ("Swan" or "Swan Cleaners") on its counterclaim, and from a dismissal granted to the other defendants on the ground that the amended complaint herein failed to set forth a claim against the other defendants, R.S. Landen Adjustment Co. ("Landen Adjustment"), United States Fidelity & Guaranty Co. ("USF&G"), R. S. Landen ("Landen") and Donald M. Rouch ("Rouch").

The Sokols' two assignments of error are as follows:

"I. The trial court erred in granting the motion to dismiss of defendants Landen Adjustment, USF&G, Rouch and Landen on the basis of plaintiffs' failure to ask the court to set aside or reform the proof of loss.

"II. The trial court erred in granting the motion for summary judgment of defendant Swan Cleaners on its counterclaim for payment for cleaning services rendered to plaintiffs' goods."

On February 3, 1980, a fire occurred at the Sokols' residence damaging the dwelling and the contents thereof, including clothing and household goods. The Sokols delivered their clothes and household goods to Swan Cleaners for cleaning and refurbishing. The property was taken to the Swan Cleaners' Kingsdale store, sent to another facility for ozoning, and later returned to the Kingsdale store. Mrs. Sokol collected some of the returned items from the Kingsdale store. On March 5, 1980, a fire occurred at the Swan Kingsdale facility in which some of the Sokols' remaining clothes and household goods were destroyed.

The Sokols had a homeowners' insurance policy with USF&G. USF&G was also an insurer of Swan Cleaners for damage done to customers' goods. Defendants Landen Adjustment, Rouch and Landen acted as agents for USF&G in adjusting both the Sokols' claim under their homeowners' policy for the fire at their home, and the claim against Swan Cleaners involving the fire at the Kingsdale store. The Sokols had hired an additional agent, defendant Alex N. Sill Adjustment Co., to assist them in adjusting both these claims. Mrs. Sokol executed a proof of loss pursuant to her claim under the homeowners' policy, for damage done during the house fire, on January 23, 1981.

Defendants USF&G, Landen Adjustment, Rouch and Landen subsequently denied the Sokols' claim for damages incurred in the fire at Swan Cleaners, on the ground that such a second claim was barred by the proof of loss executed under the homeowners' policy for the fire at the Sokols' residence.

Defendants declared that said proof of loss indicated that the goods subsequently sent to Swan Cleaners were already a total loss as a result of the fire at the Sokols' home. The Sokols claim that these defendants fraudulently and/or negligently induced Mrs. Sokol to execute such proof of loss to settle her claim under the homeowners' policy, by assuring the Sokols that any potential claim against Swan Cleaners would not be jeopardized by the execution of the proof of loss. The Sokols further claim that these defendants negligently adjusted both claims involved herein.

The trial court held that, if a determination is made that the proof of loss bars recovery against Swan Cleaners, the plaintiffs' remedy is then rescission or reformation, and that no action will lie against defendants USF&G, Landen Adjustment, Landen and Rouch for fraud or negligence. On November 7, 1983, a judgment entry was filed dismissing defendants USF&G, Landen Adjustment Co., Rouch and Landen.

Defendant Swan Cleaners filed a motion for summary judgment for fees for cleaning and refurbishing the Sokols' clothes and goods. Judgment was entered on November 1, 1983 in favor of Swan Cleaners and against the Sokols in the amount of $3,742.29. The Sokols appealed this judgment on the grounds that they should not have to pay for such cleaning services because the items involved were destroyed in the fire at Swan Cleaners' Kingsdale store, and that Swan's performance was not complete until those items were again in the Sokols' possession.

The Sokols' first assignment of error concerns the granting of the motion to dismiss defendants Landen Adjustment, USF&G, Rouch and Landen because the Sokols' amended complaint did not request that the proof of loss be set aside or reformed. The reasoning of the trial court appears to be that there is no cause of action in fraud or negligence against the above-named defendants until such time that it is decided that the proof of loss executed by Mrs. Sokol constitutes a bar to the claim of the Sokols against Swan Cleaners. This reasoning would appear to require a separate trial of the claim against Swan Cleaners before the claims against the other defendants can be brought.

The above-named defendants allege that "* * * [n]o one contests the right of the plaintiffs to bring an action against Swan for alleged negligence with respect to the Kingsdale fire and for its failure to redeliver bailed goods which belonged to the plaintiffs and which were consumed in the Kingsdale fire. * * *" However, these defendants are the very parties who, as insurers and representatives, denied the claim of the Sokols against Swan Cleaners on the basis of the previously executed proof of loss. These defendants allege that the Sokols' claims against Swan Cleaners must be prosecuted before action can be taken against the insurers, adjusters and their agents, and that to join all the defendants in a single action would be to violate a principle prohibiting a direct action against the liability carrier, citing *Lawreszuk* v. *Nationwide Ins. Co.* (1977), 59 Ohio App. 2d 111 [13 O.O.3d 165]. *Lawreszuk* does not appear to be directly applicable to the facts in this case, as *Lawreszuk* concerned the liability of a deceased tortfeasor, and in the matter before us it is alleged that the insurer, adjusters and agents themselves are the tortfeasors. Furthermore, the Sokols correctly cite Civ. R. 20(A), which provides, in pertinent part:

"* * * All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or succession or series of transactions or occurrences and if any question of law or fact com-

mon to all defendants will arise in the action. * * *"

It is apparent that the two fires and the insurance claims stemming therefrom constitute the same series of transactions or occurrences and that there are questions of law and fact common to all defendants, so that joinder of these defendants is proper.

The defendants also cite *Shallenberger* v. *Motorists Mutual Ins. Co.* (1958), 167 Ohio St. 494 [5 O.O.2d 173], in support of their allegation that the plaintiffs must first determine the liability of Swan Cleaners, and then take action in equity to have the proof of loss rescinded or reformed. *Shallenberger* involved a personal injury plaintiff attempting to set aside a release which she claimed she had been induced to sign by means of fraudulent misrepresentation. The court therein held that the plaintiff first had to set aside the release before proceeding to litigate her claims on their merits. *Shallenberger,* however, is distinguishable in that the court directed its ruling specifically toward the release of a tort claim for personal injuries. Such a release differs significantly from the execution of a form proof of loss, which was done to determine a basis for the claim arising from the initial fire. The Sokols, by executing such proof of loss, were not releasing any party from liability, and the fraud alleged herein does not concern the impact of the proof of loss upon the claim against the insurer based upon the first fire, but, rather, involved misrepresentation as to the effect of that proof of loss upon claims against Swan Cleaners and the insurer arising from the second fire.

The defendants and the trial court appear to have relied upon the case of *Cross* v. *Ledford* (1954), 161 Ohio St. 469 [53 O.O. 361], to support the argument that the Sokols' sole remedy against defendants Landen Adjustment, USF&G, Rouch and Landen was dependent upon rescission or reformation of

the proof of loss. *Cross* actually stands for the proposition that, where the contract has been procured by fraud, the plaintiff may elect his remedy, choosing either to have the contract set aside or to sue for damages caused by the fraud. This is a permissive rather than a mandatory election by the plaintiff. The Sokols elected not to rescind or reform the instrument.

In the recent case of *DeHart* v. *Aetna Life Ins. Co.* (1982), 69 Ohio St. 2d 189, at 192 [23 O.O.3d 310], the court held:

"* * * [I]t is a fundamental tenet of judicial review in Ohio that courts should decide cases on the merits. See, *e.g., Cobb* v. *Cobb* (1980), 62 Ohio St. 2d 124. Judicial discretion must be carefully — and cautiously — exercised before this court will uphold an outright dismissal of a case on purely procedural grounds."

The court has also held, in *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242 [71 O.O.2d 223], syllabus, that:

"In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ. R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. * * *"

Guided by these principles, as applied to the arguments before us, we hold that the trial court did err in granting the motion to dismiss of defendants USF&G, Landen Adjustment, Rouch and Landen. The first assignment of error is well-taken and is sustained.

The second assignment of error concerns the summary judgment granted in favor of defendant Swan Cleaners on its counterclaim for payment for cleaning services rendered to the Sokols' clothing and goods. The counterclaim, granted in the amount of $3,742.29, appears to be founded on Swan's charges for the cleaning, laundering and ozoning of the clothing and household goods which

were damaged in the original fire at the Sokols' residence and which were then taken to Swan for cleaning and restoration. This charge seems to reflect the cleaning of all such items, despite the undisputed fact that some or most of those items were destroyed in the subsequent fire at the Swan Kingsdale location, and that the Sokols never received these items from Swan's custody. Disposition of this counterclaim turns upon an analysis of Swan's duty toward the Sokols. The issue is whether Swan had merely undertaken to clean the clothes and goods, and had thus discharged its duty regardless of the fact that the clothes were destroyed before the Sokols received them again, or whether the contractual understanding between the Sokols and Swan contained what appellants describe as an implied condition precedent that the goods be returned to their possession before they had the obligation to pay Swan for cleaning the clothes.

It appears from the record that the Sokols did retrieve some of their belongings from Swan but that many of their goods were left in the custody of Swan for purposes of storage. The Sokols presented evidence, in the deposition of Rose Ann Compton, a Swan supervisor, that it is a matter of common practice with Swan that customers are allowed to store their clothes at Swan's premises for indefinite periods, picking them up as desired.

It is the position of the Sokols that they have no obligation to pay any amount to Swan on the ground that they received no benefit whatsoever from the cleaning of the objects which were subsequently destroyed in the fire on the Swan premises. Defendant Swan appears to argue for complete recovery from the Sokols as proper payment for work performed, even though the property upon which the work was performed was subsequently destroyed. Swan argues that they are entitled to a pro tanto recovery for the work performed and that the Sokols, as owners of the property, must bear the loss.

The case of Norris v. Ohio Std. Oil Co. (1982), 70 Ohio St. 2d 1, at 2-3 [24 O.O.3d 1], holds that:

" 'Summary judgment is a procedural device to terminate litigation and to avoid a formal trial where there is nothing to try. It must be awarded with caution, resolving doubts and construing evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion. * * * A successful motion for summary judgment rests on the two-part foundation that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. * * *' " (Citations omitted.)

A review of the materials before us demonstrates that Swan was still a bailee of the Sokols' clothes when they were burned. The factual issues of whether Swan's duty as a bailee was discharged and to what extent the Sokols did owe Swan for clothes cleaned and returned, remain unresolved. These issues remain to be properly settled by a trial on the merits, and were not yet ripe for the granting of a summary judgment by the trial court.

For the reasons set forth above, the trial court erred in granting summary judgment to Swan Cleaners on its counterclaim against the Sokols. The second assignment of error is well-taken and is sustained.

For the foregoing reasons, the judgment of the trial court is reversed and this matter is remanded for further proceedings in accordance with law and this opinion.

*Judgment reversed*
*and cause remanded.*

WHITESIDE and NORRIS, JJ., concur.