## IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

STATE OF TENNESSEE, ex. rel., )
DOUGLAS M. SIZEMORE, ) Davidson Chancery Court
Commissioner of the Department ) Rule No. 92-1120-I(II)
of Commerce and Insurance for the )
State of Tennessee, ) Appeal No.
) 01A01-9610-CH-00484
Plaintiff/Appellee, )
)

# FILED

**May 28, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

VS. )
)
UNITED PHYSICIANS INSURANCE )
RISK RETENTION GROUP, (In )
receivership under T.C.A. § 56-9-101 )
et seq.) )
)
Defendant/Appellee, )
)
Claim of JANINA LOSHEK, )
)
Claimant/Appellant, )
)
Claim of ROBERT J. SLUTZKY, M.D., )
)
Claimant. )

### APPEAL FROM THE DAVIDSON COUNTY
### CHANCERY COURT OF NASHVILLE, TENNESSEE

### HONORABLE ELLEN HOBBS LYLE, CHANCELLOR

JOHN KNOX WALKUP          SARAH HIESTAND
Attorney General and Reporter     Assistant Attorney General
                         Financial Division
                         500 Charlotte Avenue
                         Nashville, TN 37243-0496

RENARD A. HIRSCH, JR. #009489
619 Woodland Street
Nashville, TN 37206
ATTORNEYS FOR DEFENDANTS/APPELLEES

HOLLINS, WAGSTER & YARBROUGH
John L. Norris #6007
Suite 2210, SunTrust Center
424 Church Street
Nashville, TN 37219
ATTORNEY FOR CLAIMANT/APPELLANT

### REVERSED AND REMANDED

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION
CONCUR:
BEN H. CANTRELL, JUDGE
DAVID H. WELLES, JUDGE
By designation

| | |
|---|---|
| STATE OF TENNESSEE, ex. rel., ) | |
| DOUGLAS M. SIZEMORE, ) | Davidson Chancery Court |
| Commissioner of the Department ) | Rule No.  92-1120-I(II) |
| of Commerce and Insurance for the ) | |
| State of Tennessee, ) | Appeal No. |
| ) | 01A01-9610-CH-00484 |
| Plaintiff/Appellee, ) | |
| ) | |
| VS. ) | |
| ) | |
| UNITED PHYSICIANS INSURANCE ) | |
| RISK RETENTION GROUP, (In ) | |
| receivership under T.C.A. § 56-9-101 ) | |
| et seq.) ) | |
| ) | |
| Defendant/Appellee, ) | |
| ) | |
| Claim of JANINA LOSHEK, ) | |
| ) | |
| Claimant/Appellant, ) | |
| ) | |
| Claim of ROBERT J. SLUTZKY, M.D., ) | |
| ) | |
| Claimant. ) | |

# O P I N I O N

This appeal involves the rejection of a claim against a liability insurer in a chancery receivership.  The appellant, Janina Loshek, was a patient of Dr. Robert Slutsky who was insured against professional liability by United Physicians Insurance Retention Group which has been placed in receivership under T.C.A. §§ 56-9-101 et seq.

On April 22, 1992, the patient, Ms. Loshek received unanticipated injury during surgery conducted by Dr. Slutsky.  On April 29, 1992, the doctor reported the incident to the claims department of his insurer.

On July 16, 1992, the Trial Court entered an "Agreed Order of Rehabilitation" providing in part as follows:

> W.  The  liquidator shall give or cause to be given notice of the Order  of  Liquidation in accordance with T.C.A. § 56-9-311 as soon as possible.  (4) By first class mail to all persons known or reasonably expected to have claims against the insurer including all policyholders, at their last known address as indicated by the records of the insurer.  (Emphasis supplied)

X. Except as otherwise established by the liquidator with approval of the Court, notice to potential claimants under T.C.A. § 56-9-311(a) shall require claimants to file with the liquidator their claims together with proper proofs thereof under T.C.A. § 56-9-324, on or before the date the liquidator shall specify in the notice, which deadline shall be 12:01 a.m., July 21, 1993.

On August 5, 1992, the doctor reported the injury of Ms. Loshek to the claims department of the insurer, sending a copy of a letter from the attorney for the patient, dated July 23, 1992, requesting medical records of the patient. The letter from the attorney contained his name and address, and was subsequently delivered to the receiver by the insurer as part of the general transfer of records to the receiver.

On August 17, 1992, the receiver of the insurer sent to the doctor a notice of the deadline for filing claims. No notice of the deadline was sent to the patient.

On October 22, 1992, counsel for the patient notified the doctor that the patient intended to sue for damages. At this time, neither the patient nor her attorney knew of the receivership or the deadline for filing claims.

On February 12, 1993, an employee of the receiver wrote to the doctor inquiring about the status of the Loshek claim. The doctor responded that he had no further information.

On September 3, 1993, the receiver wrote the doctor that his claim had been rejected for failure to file same on or before July 21, 1993.

The patient filed a late claim. The date of filing is not shown, but it was sworn to on March 25, 1996. The receiver objected to the claim of the patient. The Trial Court referred the issue to the Clerk and Master.

On May 13, 1996, when the matter was heard by the Master, no distribution to general liability claimants had been authorized or made. Approximately 50 disputed claims had not been adjudicated.

The Master recommended that the receiver's denial of the patients claim be upheld. The Trial Court affirmed.

On appeal, the patient presents a single issue, as follows:

1.     Whether the proof of claim filing deadline was erroneously enforced against Janina Loshek when she was not given notice of the liquidation proceeding or of the proof of claim filing deadline even though she was clearly entitled to such notice.

The basis of appellant's late claim is that she was entitled to notice of the receivership and did not receive it. T.C.A. § 56-9-311 provides in pertinent part as follows:

> Notice of liquidation order - Method - Contents - Effect of notice.
>  (a) Unless the court otherwise directs, the liquidator shall give or cause to be given notice of the liquidation order as soon as possible by:
>                           - - - -
>  (4) First class mail to <u>all persons known or reasonably expected to have claims against the insurer</u>, including all policyholders, at their known address as indicated by the records of the insurer; and
>                           - - - -
>  (b) Except as otherwise established by the liquidator with approval of the court, notice to potential claimants under subsection (a) shall require claimants to file with the liquidator their claims, together with proper proofs thereof under § 56-9-324, on or before a date the liquidator shall specify in the notice.
>                           - - - -
>  (d) If notice is given in accordance with this section, the distribution of assets of the insurer under this chapter shall be conclusive with respect to all claimants, whether or not they received notice. (Emphasis supplied.)

It is clear from the above that persons having a damage claim against insured may file a claim in the receivership proceedings of the liability insurance company of the insured.

The receiver asserts that the patient is guilty of laches in delaying to file a claim after learning of the liquidation. It does not appear that this defense was presented to or acted

-4-

upon by the Trial Court. The issue in this appeal is whether the patient should be allowed to file a late claim because of failure to receive the notice of deadline as required by the statute and order of the Trial Court.

The receiver relies upon *Lawreszak v. Nationwide Insurance Co.*, Ohio App. 1977, 392 N.E.2d 1094 in which the injured party brought an action against the liability insurer of the alleged tortfeasor and the Court held that the injured party has a "substantial, but unvested right" in the liability insurance of the tortfeasor until judgment has been obtained against the tortfeasor. This authority is distinguishable by the fact that the insurer was not in liquidation, whereas the insurer in the present case is in liquidation under a statute which specifically provides for notice to and claims of "all persons --- reasonably expected to have claims against the insurer." Also, the receiver received correspondence and records which reasonably notified him of the claim of Ms. Loshek.

The brief of the receiver admits that the appellant sued Dr. Slutsky and obtained a judgment against him on November 1, 1995. Even under *Lawreszak v. Nationwide*, the "substantial unvested right" has now become an enforceable right.

The receiver's brief states:

Loshek could have filed a claim against U.P.I. during the litigation period.

However, the right to file a claim includes the right to receive notice of the deadline. The failure to receive a notice should excuse late filing unless the delay prejudiced the orderly proceedings. The evidence shows that no such prejudice would result.

The judgment of the Trial Court is reversed, and the cause is remanded to the Trial Court for entry of an order requiring the acceptance and consideration of the claim of Janina Loshek upon its merits, and for further appropriate proceedings. Costs of this appeal are assessed against the receiver for payment out of the funds of the receivership.

## REVERSED AND REMANDED

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
BEN H. CANTRELL, JUDGE

_____
DAVID H. WELLES, JUDGE
By designation