DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiffs-appellants, James and Margie Culbertson, appeal the order of the Summit County Court of Common Pleas that granted summary judgment in favor of Defendants-appellees, representatives of Copley Township in their official capacities. We affirm.
The Culbertsons own a parcel of land in Copley Township. Located on this property is a drainage ditch that was used in the past by the Township. Redirection of a stream ended the Township's reliance on the drainage ditch, however, and the Township passed a resolution that permitted the Culbertsons to fill in the ditch and granted limited road use variances to facilitate the project. The Culbertsons began operating a landfill on the site as a business venture. The Township eventually rescinded the resolution.
On April 9, 1997, the Culbertsons filed a complaint for declaratory judgment, an injunction, and damages against the appellees. The Culbertsons alleged that by rescinding the zoning resolution, the appellees denied access to a portion of their land and interfered with business relationships in operation the landfill. They also averred that the appellees' actions deprived them of constitutionally guaranteed rights and that the Township was threatening them with criminal prosecution. On May 22, 1998, the appellees moved for summary judgment. The Culbertsons did not respond in opposition, and the trial court granted summary judgment to all defendants on January 21, 1999.[1] The Culbertsons timely appealed.
The Culbertsons have failed to set forth assignments of error as required by Loc.R. 7(A)(2). See, also, App.R. 16(A)(3). We note that this court may dismiss an appeal for failure to comply with Loc.R. 7. See Loc.R. 7(F). The Culbertsons appear to argue that the trial court incorrectly granted summary judgment to the appellees because (1) the appellees did not obtain leave of court to file a motion for summary judgment, and (2) the appellees did not provide evidentiary support for their motion.
The Culbertsons' first argument is that the trial court incorrectly granted summary judgment when the appellees had not received leave to file the motion. The trial court set pretrial conferences for September 3, 1997, and May 29, 1998. Pursuant to Civ.R. 56, a motion for summary judgment may only be made by leave of court if an action has been set for trial or pretrial. Although the court did not grant express leave to file the motion in this case, the court effectively granted leave by considering the motion on its merits. See Lawreszuk v. Nationwide Ins. Co.
(1977), 59 Ohio App.2d 111, 115. In addition, the Culbertsons did not bring this alleged error to the attention of the trial court and, therefore, have waived it on appeal. See LeFort v. Century21-Maitland Realty Co. (1987), 32 Ohio St.3d 121, 123. Their first argument is without merit.
The Culbertsons' second argument is that the trial court erred by granting summary judgment to the appellees. The Culbertsons' entire argument with respect to this allegation states "[m]ovants offered no evidence in support of their motion." The appellant bears the burden of demonstrating error on appeal.Akron v. Perdue (Aug. 28, 1996), Summit App. No. 17677, unreported, at 2. Pursuant to App.R. 16(A), the errors alleged by an appellant must be squarely set forth in the initial brief. Cuyahoga Falls v. Ashcraft (Dec. 26, 1991), Summit App. No. 15129, unreported, at 15. App.R. 12(A)(2) permits this court to "disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief[.]" The Culbertsons' argument does not provide references to the record or citations to supporting authorities. Accordingly, this court has no choice but to overrule this aspect of the Culbertsons' argument. See Anglev. Western Reserve Mutl. Ins. Co. (Sept. 16, 1998), Medina App. No. 2729-M, unreported.
The Culbertsons' arguments are without merit. The judgment of the trial court is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
LYNN C. SLABY, FOR THE COURT
WHITMORE, J. and BATCHELDER, J. CONCUR
[1] The complaint also named the Ohio Attorney General as a defendant. All claims against the Attorney General were dismissed pursuant to Civ.R. 12(B)(6) on December 4, 1997.