DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, NCS Healthcare, Inc. (NCS), appeals from an order of the Wayne County Court of Common Pleas, which dismissed the complaint for failure to state a claim upon which relief could be granted. We affirm.
 I. {¶ 2} This case arises from a single-car auto accident, in which Mark Brinkman was the driver and his daughter, Kelsey Brinkman, a passenger. According to the complaint, Mark Brinkman negligently lost control of the car and crashed, injuring Kelsey. As a result, Kelsey sustained medical expenses of $41,377.46.
 {¶ 3} NCS provides an employer-sponsored healthcare plan to its employees, which included Kelsey's mother, and accordingly provided medical coverage to Kelsey as a family plan participant. Thus, NCS paid Kelsey's $41,377.46 medical bill arising from the accident. The plan also contains a subrogation provision, which expressly provided that NCS would retain the right to sue to recoup its payouts from anyone liable to the insured for the injuries.
 {¶ 4} Thus, NCS filed a complaint against Kelsey's father, Mark, alleging liability for Kelsey's injuries and seeking reimbursement for her medical expenses. In its brief to this Court, NCS succinctly summarized its theory of the case as follows: "This case involves a one car accident with one responsible party, Mark Brinkman." However, in that same complaint, NCS named Homeowners Insurance Company (HIC) as a defendant (albeit under the incorrect name of "Auto-Owners Insurance Co."), asserting an uninsured motorist claim despite its concurrent assertion that HIC is "the automobile liability insurance carrier for the Brinkman family."
 {¶ 5} HIC provides auto insurance to Mark Brinkman and his family, including uninsured motorist coverage to insure against potential injury to family members or their property as a result of the actions of an uninsured motorist. HIC filed a motion to dismiss, alleging that NCS had failed to state a claim upon which relief could be granted. Mark Brinkman filed a similar motion. While NCS opposed HIC's motion, NCS did not oppose Mr. Brinkman's. Rather, NCS voluntarily dismissed Mr. Brinkman from the lawsuit, leaving only HIC.
 {¶ 6} The trial court ruled that, under these circumstances, a plaintiff can only sue an insurer as a derivative action to a suit against the actual tortfeasor. Because the actual tortfeasor, Mark Brinkman, had been dismissed and was no longer part of the action, NCS had no legal grounds to maintain an action against HIC. Accordingly, the trial court dismissed the complaint.
 {¶ 7} NCS appeals from the trial court's decision to dismiss its complaint and asserts a single assignment of error for review.
 II. Assignment of Error
"The trial court erred by granting the motion to dismiss of defendant, home owners insurance company[.]"
 {¶ 8} NCS asserts that the trial court erred by dismissing the case as a matter of law, effectively arguing that the trial court misunderstood the true defendant in the action. Specifically, NCS urges a theory that it can recover under the Brinkmans' uninsured motorist provision to their insurance policy. We disagree.
 {¶ 9} A trial court may grant a Civ.R. 12(B)(6) motion to dismiss only if it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle that plaintiff to relief. O'Brien v. Univ. Community Tenants Union (1975),42 Ohio St.2d 242, syllabus. As this type of motion is predicated on the plaintiff's "failure to state a claim upon which relief can be granted," it is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Comm.
(1992), 65 Ohio St. 3d 545, 547. The trial court must accept all factual allegations as true and make every reasonable inference in favor of the plaintiff. Byrd v. Faber (1991),57 Ohio St.3d 56, 60. Therefore, accepting these facts as true, an appellate court reviews the dismissal de novo, as a question of law.Perrysburg Twp. v. Rossford, 103 Ohio St. 3d 79,2004-Ohio-4362, at ¶ 5.
 {¶ 10} NCS explains that it sued, on behalf of Kelsey, to recover from HIC on a theory that she was injured by an uninsured motorist:
"[NCS] is not seeking payment pursuant to the liability policy issued by [HIC] to Mark Brinkman. The Complaint merely alleged that, as a component of the Brinkmans' automobile insurance policy, there was applicable uninsured motorist coverage that was available to Kelsey Brinkman as a result of the accident."
That is, NCS claims that Mark Brinkman injured Kelsey and Mark Brinkman has insurance, but that NCS is not suing on that insurance. Rather, NCS is suing to recover as if Mark Brinkman was uninsured. We find this contradiction puzzling, and NCS has not offered either a satisfactory explanation or any legal authority to support such a claim.
 {¶ 11} In the case of uninsured motorist coverage, the insurer assumes the risk faced by the insured that a tortfeasor will be incapable of compensating the insured for the harm that tortfeasor has caused. See R.C. 3937.18. That is, the insurer steps into the role of the uninsured tortfeasor. It defies reason to say that the insurer on an uninsured motorist policy may be brought to account for the tortious conduct of a fully insured motorist; these are mutually exclusive things. Yet, this is the argument that NCS relies on. We do not agree.
 {¶ 12} Furthermore, under the scenario as presented in the present case, HIC plays two roles: one as the insurer of the liable tortfeasor (Mark Brinkman), the other as the benefactor of the victim (Kelsey Brinkman) for the otherwise unrecoverable conduct of some hypothetical and unspecified, but uninsured, tortfeasor. NCS could not sue HIC in this first role, despite its direct connection with the tortfeasor. See Lawreszuk v.Nationwide Ins. Co. (1977), 59 Ohio App.2d 111, paragraph one of the syllabus. Therefore, we find as a matter of law that NCS has no basis to sue HIC in this second, collateral role. The motion to dismiss was properly granted.
 {¶ 13} If NCS desires reimbursement for Kelsey's medical expenses under its subrogation agreement, it may sue the tortfeasor, who may or may not seek indemnification from his insurer, HIC, at his discretion. As a matter of law, NCS has no cause of action against HIC as Kelsey's uninsured motorist insurance provider. NCS's assignment of error is overruled.
 III. {¶ 14} NCS's sole assignment of error is overruled. The order of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J., Slaby, J., Concur.