[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 18, 2006
THOMAS K. KAHN
CLERK

No. 05-14125
Non-Argument Calendar
_____

D. C. Docket No. 02-00660-CV-J-16-MCR

ALTADIS USA, INC.,
individually for the
use and benefit of
Gulf Insurance Co.,

Plaintiff-
Counter-Defendant-
Appellant,

versus

NPR, INC.,
d.b.a. Navieras de Puerto Rico,

Defendant-
Cross-Defendant-
Cross-Claimant-
Appellee,

B-RIGHT INTERMODAL
TRANSPORT, INC.,

Defendant-
Cross-Claimant-
Cross-Defendant,

B-RIGHT TRUCKING, INC.,

                                                    Defendant-
                                                    Cross-Defendant,

KEY BANK, N.A.,

                                                    Defendant-
                                                    Cross-Defendant-
                                                    Appellee,

NATIONAL UNION INSURANCE
COMPANY OF PITTSBURGH,

                                                    Defendant-
                                                    Cross-Defendant-
                                                    Counter-Claimant-
                                                    Cross-Claimant-
                                                    Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 18, 2006)

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

This case arises out of the theft of a truckload of cigars under the control of

B-Right Intermodal, Inc. ("Intermodal").  Intermodal was transporting a cigar

shipment to Altadis, USA, Inc. ("Altadis") when the shipment was stolen.

2

National Union Insurance Company ("National") insured Intermodal for the loss. In paying the insurance claim, National, under instructions from Intermodal, paid insurance funds of $375,012.22[1] to B-Right Trucking, Inc. ("Trucking"), Intermodal's sister company[2] under control of the same officers and directors as Intermodal and also insured by National. Ronald Vass, the controller/chief financial officer of both Intermodal and Trucking, deposited these funds into an Intermodal account and used them for paying Intermodal operating expenses, rather than paying Altadis.

The real parties at interest on this appeal are Appellant Altadis[3] and Appellee National. Altadis appeals the district court's grant of summary judgment as to Count XV of the Second Amended Complaint and denial of Altadis's Motion for Judgment on the Pleadings. Additionally, Altadis appeals the district court's refusal to permit Altadis to amend the Second Amended Complaint to assert alternative theories of liability.

We review a grant of summary judgment de novo and the district court's findings of fact for clear error. *Groupe Chegaray/V. De Chalus v. P&O*

---

[1]This represented the claim's value minus the insured's $10,000 deductible.

[2]There is debate on appeal regarding whether Intermodal was a subsidiary of Trucking or whether they were sister companies under a common parent. As will be discussed below, this distinction is irrelevant because of the common officers and directors of the companies.

[3]Altadis is primarily pursuing a subrogation claim for its insurer Gulf Life.

3

*Containers*, 251 F.3d 1359, 1362 (11th Cir. 2001).  Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  While we review the district court's denial of a motion for leave to amend for abuse of discretion, we review de novo the denial of a motion for leave to amend based on futility.  *Freeman v. First Union Nat'l*, 329 F.3d 1231, 1234 (11th Cir. 2003) (per curiam).

The district court properly granted summary judgment as to Count XV of the Second Amended Complaint, in which Altadis asserted that National breached a third party beneficiary contract with Altadis as beneficiary.  Under Ohio law, which controls this count, however, such a claim fails as a matter of law.  In Ohio, an injured party (i.e., Altadis) is not a third party beneficiary to the injuring party's liability insurance contract.  *Lawreszuk v. Nationwide Insurance Co.*, 392 N.E.2d 1094, 1096 (Ohio Ct. App. 1977) ("The injured plaintiff has no statutory or common law right to recover directly on the insurance contract"); *Chitlik v. Allstate Ins. Co.*, 299 N.E.2d 295, 298 (Ohio Ct. App. 1973) ("in the absence of statute or special provision in the policy, a standard liability insurance policy is not a contract for the benefit of a third person").

4

Count XV was National's sole claim against Altadis. While Altadis has attempted to get a judgment on other theories of liability, because National did not plead these theories in the Second Amended Complaint, the district court properly denied Altadis's motion for entry of judgment with regard to these other theories. We review only to see if the district court properly refused to permit Altadis to amend its complaint to assert alternative theories. We hold that the district court did not err because any such amendment would have been futile.

Altadis contends that it can recover directly against National under Ohio Rev. Code § 3929.06, which allows a judgment against an insurer after obtaining a judgment against an insured.[4] Although the parties disagree over whether this statute can even apply to this type of case, such a disagreement is immaterial because under the statute Altadis cannot recover against National if the insured could also not recover against National. Ohio Rev. Code § 3929.06(C)(1) ("the insurer has and may assert as an affirmative defense against the judgment creditor any coverage defenses that the insurer possesses and could assert against the holder of the policy"). In this case, because National already paid the insurance proceeds to the insured, the insured would not be able to recover a second time against

[4]Altadis believes it has claims under both Florida and Ohio law. Because the policy was issued in Illinois for delivery in Ohio, however, Florida law does not apply. *See, e.g., Fioretti v. Mass. Gen. Life Ins. Co.*, 53 F.3d 1228, 1236 (11th Cir. 1995); *Lumbermens Mut. Cas. Co. v. August*, 530 So. 2d 293, 295 (Fla. 1988).

National. Therefore, such a defense would defeat any claim that Altadis could conceivably bring under this statute.

Only if this defense were not available to National would any such amendment have a chance at success. Despite Altadis's assertions, however, National's payment of funds to Trucking, which deposited the funds for Intermodal's benefit and released National, keep this defense alive. Altadis attempts to invalidate National's release because of the fact that the proceeds were paid initially to Trucking rather than Intermodal and because the release contained several scrivener's errors.[5] Altadis makes too much of the fact that the proceeds were paid to Trucking rather than Intermodal. The insurance funds ended up in an Intermodal account, the companies had the same officers and directors, National insured both companies, and at no point did National appoint either Trucking or Intermodal as its agent to deliver the proceeds to Altadis.[6] Altadis, in overly focusing on the transaction's form, ignores the fact that Intermodal ended up receiving the insurance proceeds to which it was entitled.

---

[5]The release technically released Lexington Insurance Co. rather than National (both are AIG companies). According to deposition testimony from AIG, this was merely a misprint because the form used was a standard one for all AIG companies.

[6]An insurer paying insurance proceeds to the insured, who is the other party to the policy, does not by itself create an agency relationship with that insured. To believe otherwise would establish agency relationships any time a party to a contract paid money to another party to that contract while a non-party to the contract had a claim against the party receiving the funds.

Altadis also claims that National waived its coverage defenses by not defending either Trucking or Intermodal, both of which defaulted in suits that Altadis brought against them. This argument, even if correct, assumes that National had a right or obligation to defend Trucking or Intermodal. National, however, had no such duty because it had already satisfied its obligations to both companies regarding this claim. As stated above , the only potentially viable claim an amendment could bring is under Ohio Rev. Code § 3929.06, and under this section, the injured party can only recover against the insurer what the insured could recover. *See also*, *Bennett v. Swift & Co.*, 163 N.E.2d 362, 364 (Ohio 1959). The insured, however, already received payment from the insurer. Even assuming arguendo that National waived its coverage defenses, it did not waive its defense of having already paid the claim and satisfied its obligations under the policy. Plaintiffs cannot sue insurance companies for obligations that do not exist, and here, after National paid the claim, its obligations regarding this matter stopped.

We sympathize with Altadis that Trucking and Intermodal converted the insurance proceeds and did not pay them to Altadis. That, however, is a matter among those parties and no longer concerns National, and the district court did not err in refusing to allow Altadis to assert additional claims against National that could not possibly succeed.

**AFFIRMED.**