18

IN RE ESTATE OF GEORGE: GEORGE ET AL., ADMRS., APPELLEES, *v.* AUGUST, APPELLANT.

[Cite as In re Estate of George (1970), 24 Ohio St. 2d 18.]

(No. 69-836—Decided September 24, 1970.)

Messrs. Betts & Betts and Mrs. Margaretta B. Schuck, for appellees.

Messrs. Navarre, Rizor, Dapore & Pettit, Mr. William D. Peppler and Mr. Lawrence E. Major, for appellant.

CORRIGAN, J. The subject of controversy for our decision in this appeal is whether the administrator of an estate, after administration of the estate has been concluded and the administrator discharged, may be reappointed by the court for the purpose of receiving service of summons and becoming a party defendant in an action for personal injuries allegedly caused by the negligence of the decedent, where any judgment obtained will be payable only from the proceeds of decedent's policy of insurance and not from any assets of the estate.

Initially, we note that no claim was filed against the estate within the time limits specified in R. C. 2117.06 or 2117.07, but that the action was sought to be brought within the time allotted for the commencement of actions for personal injuries set forth in R. C. 2305.10.

In Meinberg v. Glaser, 14 Ohio St. 2d 193, we held, in paragraph three of the syllabus, that:

"Where it is alleged in an action for bodily injuries and property damage that such injuries and damage were proximately caused by the negligence of a decedent and that he had a policy of insurance insuring him against liability for such negligence and it does not appear that any other claims covered by such insurance have been asserted, such action may be brought against the executor or ad-

ministrator of such decedent at any time within two years after the cause thereof arose without presenting a claim against the estate within the four-month time specified in Section 2117.06, Revised Code, or as provided in and within the nine-month time specified in Section 2117.07, Revised Code.''

In the instant case, the inquiry is whether the Probate Court may reopen administration of the estate and reappoint the original administrator for the purpose of accepting service of summons, or whether it is necessary to have a new administrator appointed.

The Court of Appeals held that a new appointment was required, basing its holding upon the fact that once the final account had been approved and the administrators discharged the administrators could not be reappointed because, under R. C. 2109.35, the final accounting constituted a judgment which could be vacated only for the grounds specified in that section. 20 Ohio App. 2d 87.

R. C. 2117.07, which provides for late presentation of claims against an estate, as applicable herein, provides in part:

''Nothing in this section or in Section 2117.06 of the Revised Code shall reduce the time mentioned in Section 2305.10 of the Revised Code, provided that no portion of any recovery on a claim brought pursuant to such section shall come from the assets of an estate unless such claim has been presented against the estate in accordance with Chapter 2117 of the Revised Code.''

Under R. C. 2117.07 and our holding in *Meinberg*, it is apparent that an action for personal injury which is not presented in due course as a claim against the estate may be brought against the estate within two years so long as recovery thereon will not subject the assets of the estate to any liability. In effect, the above-quoted portion of R. C. 2117.07 provides the injured plaintiff a method of proceeding against the decedent's estate to the extent that there is a policy of liability insurance in force from which recovery may be had, even though a claim has not

been presented to the administrator within the time limit set forth in R. C. 2117.06.

In such case, inasmuch as no recovery is sought from the assets of the estate itself, vacation of the judgment closing the estate is not considered a prerequisite to re-appointment of the administrator for the purpose of accepting service of summons.

Appellees argue that there has been no proof of the existence of liability insurance covering the deceased and that appellant could have sought the appointment of a new administrator under R. C. 2113.06.

Under the facts of this case, we do not think it necessary that appellant be required to prove the existence of the policy at the time of application for reappointment of the administrator. An allegation of its existence is sufficient.

Although R. C. 2113.06 provides for the granting of letters of administration to certain specified persons, it also provides that, under certain circumstances, "some suitable person" may be appointed by the court, in which case the statute provides further that "such person may be a creditor of the estate."

We are of the opinion that the procedure employed by appellant in the circumstances presented herein was proper. The administrators involved here voluntarily accepted appointment in the first instance, and thereby subjected themselves to the burdens of administration. Those burdens necessarily included the possibility that an action might be maintained under R. C. 2117.07 seeking recovery from decedent's insurer. The fact that the estate has been closed does not affect appellant's right to proceed under the latter statute. The reappointment places no further burden on appellees, or the estate, as they are nominal defendants only; the estate will not be chargeable with any recovery resulting from the action and the insurance company will be required to defend the action.

We hold that in a negligence action for the recovery of damages, instituted under R. C. 2117.07 against an ad-

ministrator seeking to recover only from the decedent's liability insurer, where the administrator of the estate of the decedent has been discharged and the estate closed, the Probate Court may reappoint the administrator or appoint some other suitable person for the purpose of accepting service of summons.

The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

SCHNEIDER, Acting C. J., SHANNON, LEACH, HERBERT and DUNCAN, JJ., concur.

SHANNON, J., of the First Appellate District, sitting for O'NEILL, C. J.

LEACH, J., of the Tenth Appellate District, sitting for MATTHIAS, J.