HEUSER ET AL., APPELLANTS, *v.* CRUM, ADMX., ET AL., APPELLEES.

(No. 71-793—Decided July 12, 1972.)

*Murray & Murray Co., L. P. A.*, and *Mr. Jerry B. Murray*, for appellants.

*Messrs. Steinemann, Zeiher, Beamer & Schell* and *Mr. George C. Steinemann*, for appellees.

HERBERT, J. It is clear that appellants were barred from presenting claims against the assets of the estate of Wetzel Crum.[1] They did not "present their claims to the * * * administrator * * * within four months after the date

---

[1] While the relevant statutes speak of claims against "an estate," it seems axiomatic that the General Assembly's real concern is for the proper and expeditious disposition of the *assets* of an estate. The recent legislative history of R. C. 2117.07 offers persuasive support for this conclusion. (H. B. No. 13, 130 Ohio Laws 617; Am. S. B. No. 103, 133 Ohio Laws 237.)

of the appointment of the * * * administrator * * *," pursuant to R. C. 2117.06, or within the nine-month time then specified in R. C. 2117.07. See, *Fortelka* v. *Meifert* (1964), 176 Ohio St. 476, 200 N. E. 2d 318; *Beach* v. *Mizner* (1936), 131 Ohio St. 481, 3 N. E. 2d 417. Likewise, they were precluded by the terms of R. C. 3929.06 from instituting any action directly against the decedent's liability insurer because they failed to first obtain a "final judgment" against the administratrix "for loss or damage on account of bodily injury." See *Luntz* v. *Stern* (1939), 135 Ohio St. 225, 20 N. E. 2d 241. However, other factors in this case require further discussion.

The last paragraph in R. C. 2117.07, added to the statute by an amendment effective August 9, 1963, states: "Nothing in this section or in Section 2117.06 * * * shall reduce the time mentioned in Section * * * 2305.10 * * * provided that no portion of any recovery on a claim brought pursuant to such section * * * shall come from the assets of an estate * * *." R. C. 2305.10 is the two-year statute of limitation on actions for bodily injury.

We had occasion to discuss the effect of the 1963 amendment in *Meinberg* v. *Glaser* (1968), 14 Ohio St. 2d 193, 237 N. E. 2d 605. There, we held that "where it does not appear that any claim covered by an automobile liability insurance policy of a decedent has been filed against the estate of the decedent within * * * [the times specified in R. C. 2117.06 or R. C. 2117.07], such policy is not an asset of the estate of the decedent * * *." We also held that "where it is alleged in an action for bodily injuries * * * that such injuries * * * were proximately caused by the negligence of a decedent and that he had a policy of insurance insuring him against liability for such negligence and it does not appear that any other claims covered by such insurance have been asserted, such action may be brought against the executor or administrator of such decedent at any time within two years after the cause thereof arose without presenting a claim against the estate within the four-month time specified in Section 2117.06, Revised Code,

or as provided in and within the nine-month time specified in Section 2117.07, Revised Code."

The procedural guidelines of *Meinberg* are applicable to the facts of the instant case. Appellants sought no assets of the estate. They alleged personal injuries proximately caused by the way in which decedent operated his vehicle, and that decedent had a policy insuring him against liability for such conduct. Under *Meinberg* and R. C. 2305.17,[2] appellants' action would have been duly commenced if they had properly summoned the administratrix within one year after March 20, 1970. If judgment was obtained against her, the provisions of R. C. 3929.06 would operate to secure the covered portion of its recovery from the decedent's insurer.

In the instant case, and unlike the procedure followed by the parties in *Meinberg*, appellants named both the former administratrix and decedent's liability insurer as defendants, and attempted to obtain service upon both. Although their action was filed within the statute of limitation and they did serve the defendant liability insurer within time, service of summons upon the decedent's representative was never acquired.

From the foregoing, it becomes evident that the issue now presented is whether the service obtained upon the decedent's liability insurer, under the facts before us, was sufficient to commence appellants' action below.

By operation of law, the decedent's liability insurer is now the sole entity that can be required to respond in possible damages to the appellants' allegations. As such, it is the only defendant below which has any interest in the outcome of this litigation. It arrives at this position by virtue of the contract it made with the decedent and the

---

[2] That statute provides: "An action is commenced within the meaning of Sections 2305.03 to 2305.22, inclusive, and Sections 1302.98 and 1304.29 of the Revised Code, by filing a petition in the office of the clerk of the proper court together with a praecipe demanding that summons issue or an affidavit for service by publication, if service is obtained within one year." The provisions of this statute are now incorporated in Civ. R. 3(A).

consideration which supports that contract. The presence of a legal representative of the estate under these facts has become perfunctory; a methodical posture which is maintained out of a desire to obviate any possibility that the existence of an insurer as a party defendant could influence the verdict of the jury. In order to implement that posture, these appellants' best course of action would have been to have had the administratrix reappointed, or "some other suitable person" appointed, to receive service of summons (see *In re Estate of George, infra*) and have acquired service upon such person in his representative capacity. Nevertheless, we are convinced that the failure to follow that exact procedure in the instant case should not, in itself, bar appellants from their action.

The amendments to R. C. 2117.07, and our procedural elaborations upon it in *Meinberg*, were intended to alleviate the inequity that R. C. 2117.06 and 2117.07 worked upon parties who suffered bodily injury in some instances where the defendant died before the lawsuit was filed. See Kent, *Notification of Tort Claims Against Decedent's Estates: A Trap for the Unwary Lawyer*, 35 Ohio Bar (No. 50), 1555 (1962). They were not intended to be instrumental in depriving persons of their day in court where they have performed all duties concomitant with due process and have satisfied statutory requirements regarding service of summons upon the only interested defendant, commencement of actions and statutes of limitations.

It has not been alleged or shown that a failure to obtain service upon some representative of the estate of Wetzel Crum would prejudice appellee State Farm in any way in a trial on the merits of this case. The trial court can, and should, "readily avoid any risk of the jury finding out that recovery of any judgment is to be limited to something other than an asset of the estate, such as liability insurance." For instance, "evidence as to the availability of such an asset can be offered and reviewed out of the presence of the jury. Although the pleadings will disclose the limited source for payment on the judgment, it is not necessary to submit the pleadings to the jury." *Meinberg v. Glaser, supra*, at page 201.

The temporary appointment of some representative of the estate for the duration of the trial may still be secured. As we said in *In re Estate of George* (1970), 24 Ohio St. 2d 18, 21, 262 N. E. 2d 872:

"* * * inasmuch as no recovery is sought from the assets of the estate itself, vacation of the judgment closing the estate is not considered a prerequisite to reappointment of the administrator for the purpose of accepting service of summons.

"* * *

"* * * The administrators involved here voluntarily accepted appointment in the first instance, and thereby subjected themselves to the burdens of administration. Those burdens necessarily included the possibility that an action might be maintained under R. C. 2117.07 seeking recovery from decedent's insurer. The fact that the estate has been closed does not affect appellant's right to proceed under the latter statute. The reappointment places no further burden on appellees, or the estate, as they are nominal defendants only; the estate will not be chargeable with any recovery resulting from the action and the insurance company will be required to defend the action.

"We hold that in a negligence action for the recovery of damages, instituted under R. C. 2117.07 against an administrator seeking to recover only from the decedent's liability insurer, where the administrator of the estate of the decedent has been discharged and the estate closed, the Probate Court may reappoint the administrator *or appoint some other suitable person for the purpose of accepting service of summons.*" (Emphasis added.)

The decision of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas for appropriate proceedings.

*Judgment reversed.*

O'Neill, C. J., Schneider, Stern and Brown, JJ., concur.

Leach, J., concurs in paragraph one of the syllabus and in the judgment.

Corrigan, J., dissents.

LEACH, J., concurring. I concur in the judgment and in paragraph one of the syllabus. My single objection to the majority opinion is one essentially of semantics. Reference is made therein to *two* parties *defendant*: (1) "the executor or administrator of such decedent" and (2) "decedent's liability insurer." Although so designated by the plaintiffs in their attempts to secure service of process on the "estate," I believe that service on the "insurer" can and should be considered as constituting service on the "estate" herein on the reasoning that, in legal actuality, there is but *one* party defendant, by whatever name called.

While the insurer's presence in the case as the real party-in-interest is not disclosed to the jury under the procedural scheme of R. C. 2117.07, as outlined in *Meinberg* v. *Glaser* (1968), 14 Ohio St. 2d 193, this fact should not, and as held by the majority herein does not, permit the *actual* party-in-interest to escape liability, where properly served in its *own name* prior to the running of the statute of limitations, on the basis of the legal fiction that its alter ego, the "estate," had not been served in the manner ordinarily required for service of process on an estate.