GENTILE ET AL., APPELLANTS, *v.* CARR ET AL., APPELLEES.

(No. 80-J-26—Decided October 6, 1981.)

· *Mr. Dominic J. Potts,* for appellants.

*Mr. R. Peterson Chalfant,* for appellee Bartels.

*Mr. William D. Campbell,* for appellee Carr.

DONOFRIO, J. This is an appeal from the Court of Common Pleas of Jefferson County from a judgment dismissing the complaint of the plaintiffs-appellants with prejudice.

The cause herein arises out of an automobile accident. Appellants' complaint was filed two days prior to the expiration date of the statute of limitations. Subsequently, it was discovered that one of the defendants had died. The executrix of the deceased defendant's estate accepted service and voluntarily substituted herself as a party-defendant.

For the sake of clarity, we set forth the chronology of events as follows:

March 22, 1972 — Date of accident.

November 29, 1973 — Defendant's death.

December 6, 1973 — Appointment of Dorothy C. Bartels as executrix of estate of Marie Burkey.

March 20, 1974 — Complaint filed.

March 25, 1974 — Filed amended complaint.

March 26, 1974 — Service accepted by executrix.

June 24, 1974 — Judgment entry substituting Dorothy C. Bartels, executrix of estate of Marie Burkey for Marie Burkey as defendant.

July 1, 1974 — Motion to dismiss amended complaint.

February 17, 1976 — Answer of defendant, Dorothy C. Bartels.

January 27, 1977 — Plaintiff's motion to strike defendant's answer.

Appellants' assignments of error are presented in a form by appellants' counsel designated as issues presented. They are as follows:

"1. Did the Trial Court commit reversible error in failing to sustain Appellants' Motion to Strike the Defendant-Appellee's Answer filed more than nine months out-of-term?

"2. Did the Trial Court commit reversible error in dismissing Appellants' Complaint for failure of service on the Appellee-Executrix?"

Under the first issue regarding appellees' answer, we find that the trial court did not err; the matter of allowing an answer to be filed out of time is purely within the sound discretion of the trial court. We find from the long drawn-out history of the instant case as evidenced by the record that the trial court did not abuse its discretion in permitting the answer to be filed by the refusal of the trial court to sustain appellants' motion to strike the answer.

The heart of the controversy arising out of the instant case is the second issue presented by the appellants. In this regard it is interesting to note that the trial court had previously overruled a motion to dismiss and in a journal entry dated May 15, 1975, the trial court stated as follows:

"The Court finds further, however, under the authority of *Meinberg* v. *Glaser,* 14 Ohio St. 2d 193 [43 O.O.2d 296], *Col-*

*lins* v. *Yanity,* 14 Ohio St. 2d 202 [43 O.O.2d 301], *Fortalka* v. *Meifert,* 176 Ohio St. 476 [27 O.O.2d 439], *Heuser* v. *Crum,* 31 Ohio St. 2d 90 [60 O.O.2d 56], that the Plaintiffs are entitled to pursue and prosecute their claim against the Executrix of the Estate of Marie Burkey, Deceased, and the liability Insurance Carrier of Marie Burkey at the time Plaintiff's claims arose, and only to the extent of the liability coverages and limits of said insurance contract. The Defendant's Motion is overruled (*sic*) on this issue."

Subsequently, in a unique opinion, the trial court entered the following judgment on October 20, 1980:

"The case was again assigned for trial on Tuesday, October 21, 1980 at 9:30 a.m. In a meeting with counsel it developed that it would be a rather expensive matter for the Plaintiffs to proceed since they now no longer live in the state of Ohio; counsel for the Defendant argued again that service in this case was not proper and, therefore, even if the Plaintiff did secure a judgment, it would possibly not be upheld.

"There are also numerous other legal arguments in the file which have to do with whether or not the answer was timely and properly filed, and whether or not briefs on various points were timely filed.

"Based on the above it was agreed that rather than force the parties to trial, the Court would rule at this time that service by the Plaintiff was not proper on the Defendant, Dorothy C. Bartels, Executrix of the Estate of Marie Burkey. The case is dismissed with prejudice against the Plaintiff."

It is from this judgment that the appellants bring this appeal.

Appellees rely heavily in support of the trial court's decision in the case of *Barnhart* v. *Schultz* (1978), 53 Ohio St. 2d 59 [7 O.O.3d 142]. Paragraph two of the syllabus states:

"A timely complaint in negligence which designates as a sole defendant one who died after the cause of action accrued

but before the complaint was filed may not be amended to substitute an administrator of the deceased defendant's estate for the original defendant after the limitations period has expired, even though service on the administrator is obtained within the one-year, post-filing period provided for in Civ. R. 3(A)."

Appellees further rely on *Craft* v. *Williams* (Jan. 3, 1979), Marion App. No. 9-78-16, unreported; *Stacy* v. *Sylvester* (Aug. 14, 1979), Highland App. No. 368, unreported; and *Carpenter* v. *Watson* (June 17, 1980), Montgomery App. No. CA 6725, unreported, all appended as exhibits to appellees' brief. In the cases of *Barnhart* and *Carpenter,* the decedent tortfeasor's estate had already been closed and the personal representative discharged at the time of plaintiff's complaint and attempted service. The opposite is true in the case at bar; the tortfeasor's estate was still open and viable in the probate court and the appellee-executrix was still bonded and acting at the time of appellants' complaint and service of process.

A thorough reading of the record of the instant case and of the facts in the *Barnhart* opinion lead us to the conclusion that the *Barnhart* opinion is distinguishable from the instant case. At pages 61-62 of the *Barnhart* opinion, the court stated:

"Although Civ. R. 15(C) provides for the relation back of amendments to an original complaint, the rule cannot be applied in the instant cause because there was no complaint against an existing party for the amended complaint to relate back to. The general rule is that 'where an action is brought against a defendant who is dead * * * the complaint may not be amended, after the period of the statute of limitations has expired, so as to bring in a defendant having the capacity to be sued.' Annotation, 8 A.L.R. 2d 6, *supra,* at page 118. The reason for such a rule is self-evident. There can be no amendment

'when there is nothing to amend.' *Thompson* v. *Peck, supra,* at page 598."

A controlling fact in the *Barnhart* case was that there was no person upon whom a complaint could have been served at the time of its filing and attempt at service. In the instant case the difference is that there was an existent party at the time of filing of the complaint. That person was Dorothy C. Bartels, who had been appointed as the executrix of the estate of Marie Burkey on December 6, 1973. Not only was service of the amended complaint had upon the executrix, but she voluntarily placed herself before the trial court and requested substitution of herself as the executrix of the estate in place of the decedent defendant. These acts occurred in conformity with R.C. 2305.17, which states:

"An action is commenced within the meaning of sections 2305.03 to 2305.22, inclusive, and sections 1302.98 and 1304.29 of the Revised Code, by filing a petition in the office of the clerk of the proper court together with a praecipe demanding that summons issue or an affidavit for service by publication, if service is obtained within one year."

In this case there was a policy of liability insurance covering the decedent and in that regard there are similarities with the case of *In re Estate of George* (1970), 24 Ohio St. 2d 18 [53 O.O.2d 10]. At pages 21-22, the court stated:

"We are of the opinion that the procedure employed by appellant in the circumstances presented herein was proper. The administrators involved here voluntarily accepted appointment in the first instance, and thereby subjected themselves to the burdens of administration. Those burdens necessarily included the possibility that an action might be maintained under Section 2117.07, Revised Code, seeking recovery from decedent's insurer. The fact that the estate has been closed does not affect appellant's right to proceed under the latter statute. The reappointment places no further burden on ap-

pellees, or the estate, as they are nominal defendants only; the estate will not be chargeable with any recovery resulting from the action and the insurance company will be required to defend the action.

"We hold that in a negligence action for the recovery of damages, instituted under R.C. 2117.07 against an administrator seeking to recover only from the decedent's liability insurer, where the administrator of the estate of the decedent has been discharged and the estate closed, the Probate Court may reappoint the administrator or appoint some other suitable person for the purpose of accepting service of summons."

Appellees forceably argue that in the instant case the executrix was not served as an executrix within the two-year statute of limitations and that the service in the voluntary substitution was not valid. In the case of *Heuser* v. *Crum* (1972), 31 Ohio St. 2d 90 [60 O.O.2d 73], our Ohio Supreme Court stated that action may be brought against the executor or the administrator of a decedent and a decedent's litigator at any time within the statute of limitations on actions for bodily injuries and that timely service of summons upon the insurer defendant is sufficient to commence the action. Although in the instant case the insurer was not named as a party-defendant, service was had upon the executrix within one year after the filing of a complaint in accordance with R.C. 2305.17.

The court in *Heuser, supra,* at 93, held that the service upon the decedent's liability insurer "* * * was sufficient to commence appellants' action below." The court reasoned as follows, at pages 93-94:

"By operation of law, the decedent's liability insurer is now the sole entity that can be required to respond in possible damages to the appellants' allegations. As such, it is the only defendant below which has any interest in the outcome of this litigation. It arrives at this position by virtue of the contract it made with the decedent and the consideration which supports that contract. The presence of a legal representative of the estate under these facts has become perfunctory; a methodical posture which is maintained out of a desire to obviate any possibility that the existence of an insurer as a party defendant could influence the verdict of the jury. In order to implement that posture, these appellants' best course of action would have been to have had the administratrix reappointed, or 'some other suitable person' appointed, to receive service of summons (see *In re Estate of George, infra*) and have acquired service upon such person in his representative capacity. Nevertheless, we are convinced that the failure to follow that exact procedure in the instant case should not, in itself, bar appellants from their action."

In the instant case the executrix who stood as the sole representative of the decedent was appointed prior to the expiration of the statute of limitations. The complaint was filed prior to the expiration of the two-year statute of limitations. The executrix accepted service of summons within the one-year period for perfecting of service after the filing of the complaint and voluntarily had the trial court substitute herself as party-defendant in the action.

In *Heuser* the court reasoned that the service upon the decedent's liability insurer was considered as constituting service on the "estate" and, as Justice Leach's concurring opinion stated:

"* * * I believe that service on the 'insurer' can and should be considered as constituting service on the 'estate' herein on the reasoning that, in legal actuality, there is but *one* party defendant, by whatever name called.

"While the insurer's presence in the case as the real party-in-interest is not disclosed to the jury under the procedural scheme of R.C. 2117.07, as outlined in *Meinberg* v. *Glaser* (1968), 14 Ohio St. 2d 193 [43 O.O.2d 296], this fact should not, and as held by the majority herein does not, permit the *actual* party-in-interest to escape liability, where properly served in

its *own name* prior to the running of the statute of limitations, on the basis of the legal fiction that its alter ego, the 'estate,' had not been served in the manner ordinarily required for service of process on an estate." *Heuser, supra,* at 96.

Therefore, we hold that there had been valid service in the instant case, that this case is distinguishable from *Barnhart, supra,* that there was a party in existence, the executrix of decedent's estate, to which the relation back doctrine could apply which was not in existence in *Barnhart.*

At this juncture it is important to note that the procedural requirements of service rules along with pertinent statutes were not intended primarily to deprive persons of their day in court. In the instant case it appears that due process has been satisfied along with the statutory requirements regarding service of summons upon the only interested person. The spirit of procedural rules is that cases should be heard upon the merits as far as it is reasonably possible. Legal fiction should not be devised to preclude a party's day in court and avoid adjudication of controversies on their merits. We, at the same time, recognize the necessity of rules and time limitations on actions to enhance the orderly administration of justice. However, we do not feel that the facts of the instant case fall within the latter category. Proper administration of justice would best be served with the parties herein having their day in court rather than a highly technical interpretation of what constitutes service of process upon the interested person.

We, therefore, find that the trial court erred in dismissing the appellants' complaint on the basis of invalid service of summons. Accordingly, we reverse the judgment of the trial court and remand this cause for further proceedings according to law.

*Judgment reversed and cause remanded.*

LYNCH, P.J., and O'NEILL, J., concur.