JOURNAL ENTRY AND OPINION
Plaintiff-appellant Steven Husarcik ("appellant") appeals from the trial court's order granting a motion to dismiss filed by defendants-appellees Donald Levy, Executor of the Estate of Harold Siebert, and Nationwide Mutual Insurance Company ("appellees") Appellant assigns the following errors for our review:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING APPELLEE DONALD LEVY'S MOTION TO DISMISS.
 II. THE TRIAL COURT ERRED IN DISMISSING APPELLEE NATIONWIDE INSURANCE COMPANY.
Finding merit in appellant's first assignment of error, we reverse in part the judgment of the trial court and remand this case to the trial court for further proceedings consistent with this opinion.
 I.
Appellant alleges that he sustained injuries in an automobile accident caused by Harold Siebert on February 7, 1995. At the time of the accident, defendant-appellee Nationwide Mutual Insurance Company ("Nationwide") provided Harold Siebert with automobile liability insurance.
Harold Siebert died on May 8, 1995. The probate court appointed Harold Siebert's son, William Siebert, to be the administrator of the estate and, on or about September 16, 1996, the estate was closed. Appellant asserts that Nationwide failed to advise his attorney of Harold Siebert's death during this time.
On January 8, 1997, appellant filed the original complaint against Harold Siebert. On February 12, 1997, an attorney retained by Nationwide filed an answer on behalf of the deceased and a suggestion of death.
On April 16, 1997, appellant filed a motion to substitute parties; in his motion, appellant sought to substitute William Siebert in his administrative capacity for his father as the party defendant. Appellant also filed a request with the clerk of courts for service of the complaint and summons by certified mail. In a journal entry filed on May 2, 1997, the trial court quashed service of summons and complaint. In addition, the trial court denied appellant's motion to substitute parties; the court stated in part:
 * * * MOTION TO SUBSTITUTE PARTIES FILED 4/16/97 IS DENIED SINCE SERVICE WAS NEVER PROPERLY OBTAINED ON DEFT HAROLD SIEBERT AND THEREFORE, THERE IS NO DEFT BEFORE THIS COURT ON WHICH A SUBSTITUTION MAY BE GRANTED. FURTHER, THE ESTATE OF HAROLD SIEBERT HAS BEEN CLOSED SINCE 9-19-96. * * *
Appellant filed a motion for reconsideration and, on May 30, 1997, filed a motion for leave to amend his complaint to change the party defendant from Harold Siebert to William Siebert, as Executor of the Estate of Harold Siebert, and to add Nationwide as a new party defendant. On August 27, 1997, the trial court denied appellant's motions. Therefrom, appellant filed an appeal with this court; on November 19, 1997, the court dismissed that appeal for lack of a final appealable order.
During this time, William Siebert refused to be reappointed as the executor to his father's estate. The estate of Harold Siebert was reopened and, on February 26, 1998, Donald Levy was appointed administrator.
On March 10, 1998, appellant filed a voluntary dismissal of the original complaint without prejudice pursuant to Civ.R. 41 (A). On March 11, 1998, appellant filed a complaint against Donald Levy, Executor of the Estate of Harold Siebert, and Nationwide. This time, appellant obtained proper service of his complaint on the defendants within the one-year period mandated in Civ.R. 3 (A).
On April 17, 1998, appellees filed a motion to dismiss appellant's complaint pursuant to Civ.R. 12 (B). In a journal entry filed on July 31, 1998, the trial court granted appellees' motion to dismiss. On August 26, 1998, appellant instituted this appeal.
 II.
In his first assignment of error, appellant asserts that the trial court erred in dismissing his claim against Donald Levy, Executor of the Estate of Harold Siebert. Appellant asserts that he preserved his cause of action, pursuant to R.C. 2305.19, notwithstanding his failure to perfect service of the original complaint within one year pursuant to Civ.R. 3 (A).
R.C. 2305.19 provides in part:
 In an action commenced, or attempted to be commenced,
if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date. * * * (Emphasis added.)
Civ.R. 3 (A) states:
 A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to Civ. R. 15 (C), or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ. R. 15 (D).
Appellees insist R.C. 2305.19 does not apply because the original complaint was not served within a year and, therefore, the action never commenced and R.C. 2305.19 does not apply. To support their argument, appellees rely on Mason v. Waters (1966),6 Ohio St.2d 212.
In Mason, the Supreme Court of Ohio held that "the filing of petition and precipe for the issuance of summons does not constitute the commencement of an action or an attempt to commence an action equivalent to its commencement, where there has been no effective service of summons upon defendant within the time limit prescribed by that statute." Id., at paragraph one of the syllabus.
However, the Mason decision was based upon former R.C. 2305.17, which stated in part:
 An action is commenced * * * as to each defendant, at the date of the summons which is served on him * * *
 Within the meaning of such sections, an attempt to commence an action is equivalent to its commencement, when the party diligently endeavors to procure a service, if such attempt is followed by service within 60 days.
As the Second Appellate District noted in Schneider v.Steinbrunner (Nov. 8, 1995), Montgomery App. No. 15257, unreported:
 The requirement of diligent efforts to obtain service as well as success in obtaining service have been deleted from the revised version of R.C. 2305.17
defining attempted commencement of an action. Therefore, they are no longer incorporated into the meaning of "attempted to be commenced" as that term is used in the savings statute, R.C. 2305.19. The decision in Mason has been modified to that extent.
Accord Dayringer v. City of Clyde (Nov. 21, 1997), Sandusky App. No. S-97-031, unreported ("The authority cited by the trial court to the effect that service or due diligence to obtain service is necessary to commence an action is no longer good law.")
Further support for this proposition was provided by the Supreme Court of Ohio in Thomas v. Freeman (1997), 79 Ohio St.3d 221. In Thomas, the court held:
 When a plaintiff has failed to obtain service on a defendant, whether the court dismisses the case under Civ.R. 4 (E) (failure to obtain service) or Civ.R. 41 (B) (1) (failure to prosecute), the dismissal is otherwise than on the merits pursuant to Civ.R. 41 (B) (4). (Civ.R. 41[B] [4], construed.)
Id., at paragraph one of the syllabus.
Appellees insist that Thomas only applies to cases dismissed pursuant to Civ.R. 4 (E) or Civ.R. 41 (B) (1) and, therefore, does not apply to the instant case which was voluntarily dismissed under Civ.R. 41 (A). This contention belies the simple fact that the Supreme Court of Ohio has expressly permitted a plaintiff who failed to obtain service on a defendant to utilize the savings statute, thus effectively overruling Mason. SeeThomas, supra. See also Goolsby v. Anderson Concrete Corp.
(1991), 61 Ohio St.3d 549, syllabus ("When service has not been obtained within one year of filing a complaint, and the subsequent refiling of an identical complaint within rule would provide an additional year within which to obtain service and commence an action under Civ. R. 3 (A), an instruction to the clerk to attempt service on the complaint will be equivalent to a refiling of the complaint.").
R.C. 2305.19 is remedial in nature and is to be given a liberal construction. See LaBarbera v. Batsch (1966), 5 Ohio App.2d 151,158. Moreover, "[t]he spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies."Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 175. With these underlying principles in mind, we find that the requirements of R.C. 2305.19 were satisfied in this case, viz., appellantattempted to commence the original case and the case failed otherwise than upon the merits. Therefore, appellant properly utilized the savings statute to refile his complaint notwithstanding his failure to perfect service of the original complaint. Accord Schneider, supra. Upon the refiling of his complaint, appellant should have been afforded a new one-year period to effect service.
The trial court erred when it dismissed appellant's claim against Donald Levy, Executor of the Estate of Harold Siebert. The judgment of the trial court is reversed, and this case is remanded for further proceedings consistent with this opinion.
 II.
As for his second assignment of error, appellant claims that the trial court erred in dismissing Nationwide as a party defendant. Appellant relies on Heuser v. Crum (1972), 31 Ohio St.2d 90, to support this argument.
In Heuser, the Supreme Court of Ohio held:
 Where it is alleged in an action for bodily injuries that such injuries were proximately caused by the negligence of a decedent and that he had a policy of insurance insuring him against liability for such negligence, and it does not appear that any other claims covered by such insurance have been asserted, such action may be brought against the executor or administrator of such decedent, and decedent's liability insurer, at any time within the statute of limitations on such actions without presenting a claim against the estate within the time specified in R.C. 2117.06 or R.C. 2117.07, and timely service of summons upon the insurer defendant is sufficient to commence the action. (Emphasis added.)
Id., at paragraph two of the syllabus.
As a general rule, a plaintiff may not bring a direct action against the tortfeasor's insurer. Heuser and its progeny provide a limited exception where a plaintiff is suing a tortfeasor's estate. See Heuser, supra; Achor v. Clinton Cty. Bd. of MentalRetardation Developmental Disabilities (June 5, 1986), Franklin App. No. 86AP-60, unreported. In Heuser, the court recognized that the decedent's liability insurer was the sole real Party-in-interest. "The presence of a legal representative of the estate under these facts has become perfunctory; a methodical posture which is maintained out of a desire to obviate any possibility that the existence of an insurer as a party defendant could influence the verdict of the jury." Id. at 94.
As appellees note, Heuser only applies to cases filed within the statute of limitations. Appellant insists that his claim against Nationwide relates back to the date of the original complaint pursuant to Civ.R. 15 (C). Civ.R. 15 (C) provides:
 Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back "to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. (Emphasis added.)
In the instant case, Nationwide received notice of the institution of the original action and, thus, would not be prejudiced in defending this case on the merits. Moreover, Nationwide knew of the mistake concerning the identity of the proper party and, in fact, perpetuated the mistake by failing to inform appellant of the tortfeasor's death while the estate was originally opened. We do not condone Nationwide's attempt to avoid its contractual responsibility and deprive appellant of his day in court; however, Civ.R. 15 (C) does not apply to this case. As the Supreme Court of Ohio stated in Kraly v. Vannewkirk
(1994), 69 Ohio St.3d 627, paragraph one of the syllabus:
 Civ.R. 15 (C) may be employed to substitute a party named in the amended pleading for a party named in the original pleading to permit the amended pleading to relate back to the date of the original pleading, provided the requirements of the rule are otherwise satisfied. (Cecil v. Cottrill [1993], 67 Ohio St.3d 367, 618 N.E.2d 133, approved and followed.) However, the rule may not be employed to assert a claim against an additional party while retaining a party against whom a claim was asserted in the original pleading. (Emphasis added.)
Civ.R. 15 (C) does not permit appellant to assert a claim against Nationwide, an additional party, while maintaining his claim against the original party. We find that the trial court did not err in dismissing Nationwide as a party to this lawsuit. Appellant's second assignment of error is overruled.
The judgment of the trial court is reversed in part and affirmed in part. We remand this case to the trial court for further proceedings consistent with this opinion.
The judgment of the trial court is reversed in part, affirmed in part, and remanded for further proceedings consistent with this Journal Entry and Opinion.
It is ordered that appellant recover of appellees his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, P.J. and PATRICIA A. BLACKMON, J. CONCUR.
 ______________________________ LEO M. SPELLACY JUDGE