DECISION
{¶ 1} In February 2003, plaintiff-appellant Preston Buschard filed, pro se, a paper entitled "Motion for Financial Payment" in the Hamilton County Common Pleas Court. The financial payment demanded was $15 million. Among others, numerous attorneys and judges were named as defendants. The allegations were generally that Buschard's children had been abused by someone, whose relationship with Buschard or his children was not specified, and that the courts had allowed this to happen. No time period was indicated. But we may deduce that the events had something to do with a domestic relations case in the 1970s and 1980s. All the judges are long deceased, as are some of the attorneys. The trial court dismissed the case. We affirm.
 {¶ 2} Apparently because some of the attorneys and judges are deceased, Buschard attempted to have them served with process at the Ohio State Bar Association. That association had never been appointed as agent for service of process. The trial court properly dismissed the bar association as a party and quashed the attempted service of summons on the deceased attorneys.
 {¶ 3} The trial court also dismissed the case in its entirety. Buschard now appeals, assigning as error that "[t]he trial court erred by not having the judge able to rule properly on motion for demand of financial payment." He then adds numerous allegations, mainly concerning a judge on the original case. That judge last served on the bench in the early 1980s and died in 1994.
 {¶ 4} Assuming that Buschard had pleaded cognizable claims in his "Motion for Financial Payment," the time period in which Buschard could have filed the claims expired long ago. This time period has been codified in laws called statutes of limitation. The statute of limitations governing legal-malpractice actions is one year.[1] The statute of limitations governing negligence is two years.[2] The statute of limitations governing general tort actions is four years.[3]
A claim against a deceased's insurer must be brought within the statute of limitations governing the underlying claim.[4] In sum, Buschard's right to recover for any of the wrongs alleged in his "Motion for Financial Payment" has long since expired.
 {¶ 5} We affirm the trial court's judgment dismissing the claims against all of the defendants.
Judgment affirmed.
Doan, P.J., and Sundermann, J., concur.
[1] R.C. 2305.11(A).
[2] R.C. 2305.10.
[3] R.C. 2305.09.
[4] Heuser v. Crum (1972), 31 Ohio St.2d 90, 285 N.E.2d 340, paragraph two of the syllabus.