DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Plaintiff-Appellant Erie Insurance Group ("Erie") has appealed from the judgment of the Wayne County Municipal Court which dismissed its claims. This Court affirms.
 I {¶ 2} In early 2005, Tomassetti Pizza Ltd. was leasing commercial space owned by Defendant-Appellee John C. Meier. Pursuant to the lease, Tomassetti operated on the first floor of the building while Meier had full access to the third floor of the building. During that winter, Meier allegedly left windows open on the third floor causing the pipes to freeze and burst. As a result, Tomassetti's first *Page 2 
floor business was flooded and he suffered roughly $14,000 in damages. Prior to the alleged negligence, Tomassetti had purchased insurance from Erie which provided coverage for damage caused to the premises by the business. Tomassetti's policy with Erie listed Meier as an additional insured. Tomassetti then sought and received payment for his damages from his insurance company, Erie.
 {¶ 3} At the time Tomassetti suffered damage, Meier was insured by Defendant-Appellee Motorists Mutual Insurance Company ("Motorists"). As a result of its payment, Erie engaged in settlement negotiations with Motorists. The two insurance companies never reached a final settlement. In addition, on November 5, 2005, while their negotiations were ongoing, Meier passed away. On December 7, 2005, the probate court appointed Patricia Meier as the executrix of Meier's estate.
 {¶ 4} On June 20, 2006, Erie filed suit against Meier individually. On July 10, 2006, Erie learned of Meier's death. As a result, Erie amended its complaint on August 1, 2006. In its amended complaint, Erie sought a declaratory judgment against the Estate of Meier, seeking a declaration that Meier's negligence caused Erie's damages. In addition, Erie sought a declaratory judgment and monetary damages from Meier's insurance company, Motorists.
 {¶ 5} On December 1, 2006, Motorists moved for summary judgment. In its motion, Motorists asserted that R.C. 3929.06 barred Erie's suit. On that same *Page 3 
day, Meier's Estate moved for summary judgment. In its motion, the Estate asserted that Erie's claim was time barred by R.C. 2117.06(B). In addition, the Estate asserted that Erie was precluded from suing Meier because Meier was listed as an additional insured under the policy Erie provided to Tomassetti.
 {¶ 6} On December 12, 2006, Erie responded in opposition to both motions for summary judgment. In its response, Erie asserted that its action against the Estate was not time barred because it was not seeking monetary damages from the Estate. In addition, Erie argued that a common law exception existed to R.C. 3929.06 which permitted Erie to sue Motorists without receiving a judgment against Meier. In its response, Erie also asserted that additional time was necessary in order to complete discovery of facts which were in dispute.
 {¶ 7} The trial court granted both motions for summary judgment on January 2, 2007. In its ruling, the trial court found that Erie's claim against the estate was time barred. The trial court also found that Erie's claim against Motorists was premature based upon R.C. 3929.06. Erie timely appealed the trial court's judgment, raising five assignments of error for review.
 II {¶ 8} As each of Erie's alleged errors assert that the trial court erred in granting summary judgment, we first detail our standard of review.
 {¶ 9} This Court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same *Page 4 
standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12, certiorari denied (1986), 479 U.S. 948.
 {¶ 10} Pursuant to Civil Rule 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; the moving party is entitled to judgment as a matter of law; and it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 11} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735. *Page 5 
 {¶ 12} Based upon the above standard, we review each of Erie's assignments of error.
 Assignment of Error Number One "THE TRIAL COURT ERRED BY HOLDING THAT UNDER R.C. § 3929.06, APPELLANT MUST OBTAIN A JUDGMENT AGAINST THE DECEDENT INSURED OF MOTORIST'S ON HIS ESTATE, MEIER, BEFORE SUING MOTORIST[.]" (Sic.)
 {¶ 13} In its first assignment of error, Erie has asserted that the trial court erred in granting judgment against it on its claims against Motorist's. We disagree.
 {¶ 14} In support of its claims, Erie has asserted that Heuser v.Crum (1972), 31 Ohio St.2d 90, is dispositive of this issue and requires reversal. Specifically, Erie has relied upon the following provision inHeuser:
 "Where it is alleged in an action for bodily injuries that such injuries were proximately caused by the negligence of a decedent and that he had a policy of insurance insuring him against liability for such negligence, and it does not appear that any other claims covered by such insurance have been asserted, such action may be brought against the executor or administrator of such decedent, and decedent's liability insurer, at any time within the statute of limitations on such actions without presenting a claim against the estate within the time specified in R.C. 2117.06 or R.C. 2177.07[.]" (Emphasis added.) Id. at paragraph two of the syllabus.
Erie has asserted the above provision makes clear that it may file suit against Motorists, the decedent's liability insurer, without presenting a timely claim against the Estate. We cannot agree. *Page 6 
 {¶ 15} On September 24, 1999, more than 25 years after Heuser was decided, R.C. 3929.06 was amended and now reads as follows:
 "(B) Division (A)(2) of this section does not authorize the commencement of a civil action against an insurer until a court enters the final judgment described in division (A)(1) of this section in the distinct civil action for damages between the plaintiff and an insured tortfeasor and until the expiration of the thirty-day period referred to in division (A)(2) of this section." R.C. 3929.06(B).
Importantly, the uncodified law accompanying this amendment reads as follows:
 "The General Assembly declares that, in enacting divisions (A) and (B) of new section 3929.06 * * * [and] in outright repealing existing section 3929.06 of the Revised Code in this act * * *, it is the intent of the General Assembly to supersede the effect of the holding of the Ohio Supreme Court in Krejci v. Prudential Prop. and Cas. Ins. Co. (1993), 66 Ohio St.3d 15, Broz v. Winland (1994), 68 Ohio St.3d 521, 524-525, and Mezerkor v. Mezerkor (1994), 70 Ohio St.3d 304, 308, that existing section 3929.06 of the Revised Code does not preclude the commencement of a civil action under that section or a declaratory judgment action * * * against an insurer that issued a policy of liability insurance until a court of record enters in a distinct civil action for damages between the plaintiff and an insured tortfeasor a final judgment awarding the plaintiff damages for the injury, death, or loss to person or property involved." 1999 H 58, § 4.
 {¶ 16} On appeal, Erie has asserted that the legislature's failure to explicitly state that it was also overruling Heuser supports a finding that Heuser is still good law. In support, Erie has cited Husarcik v.Levy (Nov. 10, 1999), 8th Dist. No. 75114. Erie has argued thatHusarcik was decided after the effective date of the amendment to R.C.3929.06, which was September 24, 1999, and still appliedHeuser. Erie, however, has ignored the fact that all of the underlying facts in Husarcik occurred well before September 24, 1999. As such, theHusarcik court *Page 7 
was obligated to apply the prior version of R.C. 3929.06.Husarcik, therefore, provides no support for Erie's argument.
 {¶ 17} The express intent of the General Assembly states that R.C.3929.06 was amended to overrule prior court decisions that had held that the existing version did not preclude filing suit against an insurer prior to receiving a final judgment against the tortfeasor. In its argument, Erie has asserted that applying this rule to the instant facts effectively reduces the statute of limitations on its claim for property damages from two years to the six-month limitation period contained in R.C. 2117.06(B). Contrary to Erie's assertion, this rule does not alter the statute of limitations for bringing its claims. R.C. 2117.06(G) provides as follows:
 "Nothing in this section * * * shall be construed to reduce the periods of limitation or periods prior to repose in section 2125.02 or Chapter 2305. of the Revised Code, provided that no portion of any recovery on a claim brought pursuant to that section or any section in that chapter shall come from the assets of an estate unless the claim has been presented against the estate in accordance with Chapter 2117. of the Revised Code."
Accordingly, R.C. 2117.06(G) permits an injured party to file suit against an estate within the standard statute of limitations for the claim presented. It is only the source of recovery that is limited when an injured party chooses to file such an action beyond the six-month limit contained in R.C. 2117.06(B).
 {¶ 18} The General Assembly has made clear through its amendment of R.C. 3929.06 that Erie's suit against Motorists is premature. Unless and until Erie *Page 8 
receives a final judgment against Meier's estate for monetary damages, R.C. 3929.06 precludes commencing an action against Motorists. Erie's first assignment of error, therefore, lacks merit.
 Assignment of Error Number Two "THE TRIAL COURT ERRED BY INAPPROPRIATELY HOLDING THAT THE MERE FACT MEIER WAS AN ADDED INSURED ON APPELLANT'S POLICY, IMPLICATES THE RULE THAT AN INSURANCE COMPANY MAY NOT SEEK SUBROGATION AGAINST ITS OWN INSURED, EVEN IF THE ADDED INSURED'S CONDUCT WAS NOT COVERED UNDER THE POLICY[.]"
 {¶ 19} In its second assignment of error, Erie has argued that the trial court erred in granting summary judgment in Meier's favor on its declaratory action. We disagree.
 {¶ 20} Actions are moot when they involve no actual genuine controversy which can definitely affect the parties' existing legal relationship. Lingo v. Ohio Central Railroad, Inc., 10th Dist. No. 05AP-206, 2006-Ohio-2268, at ¶ 20.
 "A moot case is one which seeks to get a judgment on a pretended controversy, when in reality there is none, * * * or a judgment upon some matter which, when rendered, for any reason cannot have any practical legal effect upon a then-existing controversy." Culver v. City of Warren (1948), 84 Ohio App. 373, 393.
While the parties have not raised this issue, as noted above, neither the trial court nor this Court may decide issues which are moot due to the lack of a genuine controversy. Upon review, we find no genuine controversy as it relates to Erie's declaratory action against Meier's Estate. *Page 9 
 {¶ 21} Upon amending its complaint, Erie sought a declaratory judgment that Meier's negligence caused Erie damages in the amount of $14,041.01. As stated above, Erie's suit was filed more than six months after Meier's death. Erie was therefore precluded from seeking monetary damages from the estate. R.C. 2117.06(B) (G). As such, an action declaring Meier to have been negligent would have no effect on the parties' legal relationship. It would not obligate Meier's Estate to make payment, nor would it somehow permit Erie to seek damages against the Estate in a new action. Ruling on Erie's declaratory action, therefore, "cannot have any practical legal effect" on the parties' existing relationship. Consequently, Erie's action was moot when filed. This Court, therefore, can find no prejudicial error in the trial court's judgment which found for the Estate on that claim. Erie's second assignment of error lacks merit.
 Assignment of Error Number Three "THE TRIAL COURT ERRED BY INAPPROPRIATELY HOLDING THAT THE STATUTE OF LIMITATIONS SET FORTH IN R.C. § 2177.06(C) CAN BE APPLIED TO BAR APPELLANT'S CLAIMS FOR MONETARY DAMAGES AGAINST MOTORIST[.]"
 Assignment of Error Number Four "THE TRIAL COURT ERRED BY INAPPROPRIATELY GRANTING SUMMARY JUDGMENT AGAINST APPELLANT PURSUANT TO R.C. § 2177.06(C) WHEN APPELLANT CONTESTED KEY FACTUAL ASSERTIONS WITHOUT ALLOWING APPELLANT AN OPPORTUNITY TO OBTAIN ANY DISCOVERY, PURSUANT TO CIV.R. 56(F)." *Page 10 
 Assignment of Error Number Five "THE TRIAL COURT ERRED BY INITIALLY DENYING SUMMARY JUDGMENT AND THEN, SUBSEQUENTLY, TWO WEEKS LATER, SUA SPONTE REVERSING ITS DECISION AND GRANTING SUMMARY JUDGMENT[.]" (Emphasis sic.)
 {¶ 22} In its third, fourth, and fifth assignments of error, Erie has argued other errors that relate to the trial court's grant of summary judgment. Moreover, Erie has argued that the trial court's ruling was premature because further discovery could have revealed factual disputes. Having found above that the trial court was correct as a matter of law in its judgment, Erie's remaining challenges lack merit.
 III {¶ 23} Erie's assignments of error are overruled. The judgment of the Wayne County Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27. *Page 11 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 CARR, J. MOORE, J. CONCUR *Page 1