[Cite as *Breen v. Summit Cty. ,C.S.E.A.*, 2018-Ohio-2501.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

KEVIN J. BREEN

    Appellant

    v.

SUMMIT COUNTY CSEA

    Appellee

C.A. No.    28759

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2017-05-2068

DECISION AND JOURNAL ENTRY

Dated: June 27, 2018

CARR, Judge.

{¶1} Appellant, Kevin Breen, appeals the judgment of the Summit County Court of Common Pleas. For the reasons set forth below, the appeal is dismissed.

I.

{¶2} This matter takes root in a 2004 case in the Summit County Domestic Relations Court where Breen entered into a shared parenting agreement that included a provision requiring him to pay child support. In 2017, the Summit County Child Support Enforcement Agency ("CSEA") found that Breen failed to meet his child support obligation. On May 2, 2017, CSEA issued an order setting forth the child support arrearage and placing an administrative lien on Breen's real property.

{¶3} On May 18, 2017, Breen filed a complaint in the General Division of the Summit County Court of Common Pleas challenging the May 2, 2017 CSEA order, along with a motion for a stay. In his complaint, Breen disputed the determination of default and argued that the lien

should be vacated. Breen further argued that "CSEA failed to provide an administrative hearing and appeal despite [his] requests." Thereafter, CSEA filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(1), arguing that the Summit County Domestic Relations Court had exclusive jurisdiction over the case pursuant to R.C. 2301.03(I) because the dispute involved child support. Breen filed a brief in opposition to the motion to dismiss wherein he argued that the sole purpose of the complaint filed in the general division was to challenge the administrative lien.

{¶4} On August 1, 2017, the trial court issued a decision granting the motion to dismiss on the basis that it was without jurisdiction to address the issues raised in Breen's complaint.

{¶5} Breen filed a notice of appeal from the August 1, 2017 judgment entry. On appeal, Breen raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN ITS AUGUST 1, 2017 ORDER GRANTING DEFENDANT-APPELLEE'S MOTION TO DISMISS AND DENYING PLAINTIFF-APPELLANT'S MOTION FOR STAY OF EXECUTION OF MAY 2, 2017 CSEA ORDER.

{¶6} In his sole assignment of error, Breen contends that the trial court erred in concluding that it did not have authority to address the case.

{¶7} The Supreme Court of Ohio has stated that "[t]he role of courts is to decide adversarial legal cases and to issue judgments that can be carried into effect." *Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, ¶ 9, citing *Fortner v. Thomas*, 22 Ohio St.2d 13, 14 (1970). "Under the mootness doctrine, American courts will not decide cases in which there is no longer an actual legal controversy between the parties." *Cyran* at ¶ 9, citing *In re A.G.*, 139 Ohio St.3d 572, 2014-Ohio-2597, ¶ 37. "Actions are moot when they involve no actual genuine controversy

which can definitely affect the parties' existing legal relationship. *Erie Ins. Group v. Meier*, 9th Dist. Wayne No. 07CA0012, 2007-Ohio-5602, ¶ 20, citing *Lingo v. Ohio Cent. R.R., Inc.*, 10th Dist. Franklin No. 05AP-206, 2006-Ohio-2268, ¶ 20. "[A] court may consider evidence that is outside the record to determine if a case is moot." *N. Trust Bank v. Bolognue Holdings, Inc.*, 9th Dist. Summit No. 26290, 2012-Ohio-4913, ¶ 3, citing *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228 (2000).

{¶8} As noted above, Breen attempted to challenge the May 2, 2017 CSEA order by filing a complaint in the general division of the common pleas court. Thereafter, on July 24, 2017, Breen filed a notice that a CSEA hearing officer had issued mistake of fact determination in his case. The CSEA hearing officer found that no mistake of fact existed and that Breen was, in fact, in arrears. The hearing officer further stated that, "[a]s a courtesy to [Breen], the CSEA case management team will file a release of the Administrative Lien with the Summit County Fiscal Department." A review of the docket in Breen's domestic relations case, Case No. DR-2004-04-1589, reveals that Breen moved the domestic relations court for a review of the CSEA hearing officer's mistake of fact determination. After a hearing, a magistrate determined that Breen was not in arrears and that the administrative lean should be released. The domestic relations court adopted the magistrate's decision the same day and stated as follows:

1. [Breen]'s allegation of mistake of fact is correct and exists.

2. [Breen] is not in arrears.

3. CSEA shall file a release of the Administrative Lien with the Summit County Fiscal Department.

4. CSEA Fiscal/Accounting shall make any adjustments necessary to the ledgers as required under the terms of this order and shall notify the parties that [there] are no administrative fee arrears.

5. No costs are assessed.

While the court included language notifying the parties of the timeframe to file objections to the magistrate's decision, no objections were filed. CSEA filed a discharge of lien notice, wherein CSEA directed the Summit County Fiscal Office to discharge the administrative lien on Breen's real property within five days of the filing of the notice. The discharge of lien notice was recorded on November 15, 2017.

{¶9} Under these circumstances, it is apparent that this matter is moot. "[N]either the trial court nor this Court may decide issues which are moot due to the lack of a genuine controversy." *Meier*, 2007-Ohio-5602, ¶ 20. In his complaint filed in the general division of the common pleas court, Breen challenged the CSEA order that set forth his child support arrearage and placed an administrative lien on his real property. He further sought a stay of that order. Though Breen initially complained that he was unable to obtain an administrative appeal, the domestic relations court subsequently determined that Breen was current on his child support and that the administrative lien should be lifted. The CSEA subsequently filed a notice with the Summit County Fiscal Office discharging the lien. It follows that this matter no longer presents a live controversy. Accordingly, this matter is moot and this Court is compelled to dismiss the appeal.

III.

{¶10} The appeal is moot and, therefore, dismissed.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

SCHAFER, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

KEVIN J. BREEN, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JOSEPH R. MCALEESE, Assistant Prosecuting Attorney, for Appellee.