**[Cite as *Farla, L.L.C. v. Pretlow*, 2021-Ohio-4468.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

FARLA LLC

    Appellee

    v.

FRED PRETLOW, et al.

    Appellant

C.A. No.    21CA011731


APPEAL FROM JUDGMENT
ENTERED IN THE
OBERLIN MUNICIPAL COURT
COUNTY OF LORAIN, OHIO
CASE No.    21CVG00052

DECISION AND JOURNAL ENTRY

Dated: December 20, 2021

---

HENSAL, Presiding Judge.

{¶1}    Fred Pretlow appeals a judgment of the Oberlin Municipal Court that granted a judgment of forcible entry and detainer to Farla, LLC. For the following reasons, this Court dismisses the appeal as moot.

I.

{¶2}    According to Farla's complaint, it purchased a house in Oberlin from U.S. Bank, which had purchased the property in a sheriff's sale. Farla alleged that Mr. Pretlow and his family were trespassing on the property and that it had posted a notice to leave premises in compliance with Revised Code Section 1923.04. After the municipal court scheduled a hearing on the complaint, Mr. Pretlow moved for a continuance, which the court granted. At the time of the hearing, Mr. Pretlow did not appear. After reviewing the evidence presented by Farla, the municipal court found that Mr. Pretlow and his family were occupying the property without color of title and that they had been served a notice to leave premises. It, therefore, granted

judgment in favor of Farla. Mr. Pretlow has appealed, assigning as error that the municipal court incorrectly refused to allow him to be heard when he arrived late for the hearing and that it should have stayed the eviction. We will consider Mr. Pretlow's assignments of error together.

II.

ASSIGNMENT OF ERROR

THE OBERLIN MUNICIPAL COURT AND JUDGE THOMAS JANUZZI ERRED BY NOT ALLOWING FRED PRETLOW ET AL. DUE PROCESS BY NOT ALLOWING HIM TO BE HEARD IN COURT WHEN HE WAS 7 MINUTES LATE IS IN VIOLATION OF ARTICLE 1, SECTION 16, OF THE OHIO CONSTITUTION.

ASSIGNMENT OF ERROR II

JUDGE JANUZZI ERRED BY RULING FOR AN EVICTION AGAINST MR. PRETLOW, ET AL., AGAINST BOTH A FEDERAL BANKRUPTCY THAT WAS FILED PRIOR TO THE EVICTION DATE, WHICH GIVES AN AUTOMATIC STAY AGAINST EVICTIONS AND FORECLOSURES, AND ALSO THE FEDERALLY MANDATED CDC EVICTION MORATORIUM THAT WAS EXTENDED THROUGH 3/31/21 AND HAS SINCE BEEN EXTENDED THROUGH 6/30/21.

{¶3} In his first assignment of error, Mr. Pretlow alleges that the reason he was late for the hearing was because he had car trouble on the way to the courthouse. He also alleges that he arrived only seven minutes after the hearing started but was not allowed to attend. He argues that his delay in arriving at the hearing qualified as excusable neglect under Civil Rule 60(B). In his second assignment of error, Mr. Pretlow argues that the eviction should have been stayed because he filed for bankruptcy and because of a national eviction moratorium that was declared by the Centers for Disease Control and Prevention (CDC). Farla, however, argues that the appeal is moot because Mr. Pretlow was removed from the property on March 11, 2021, along with all of his personal property.

{**¶4**}   "A forcible entry and detainer action decides the right to immediate possession of property and 'nothing else.'"   *Goldstein v. Patel*, 9th Dist. Lorain Nos. 02CA008183, 02CA008199, 2003-Ohio-4386, ¶ 4, quoting *Seventh Urban, Inc. v. Univ. Circle Property Dev., Inc.*, 67 Ohio St.2d 19, 25, fn. 11 (1981).   "Once the landowner has been restored to his property, the forcible entry and detainer action becomes moot because there is no further relief that may be granted to the landowner."   *Id.*, citing *United States Secy. of Hous. and Urban Dev. v. Chancellor*, 8th Dist. Cuyahoga No. 73970, 1999 WL 126170, *1 (Feb. 25, 1999).   That is because retrial of the matter would not give the landowner anything more than what it had already acquired, which is possession of the premises.   *Crossings Dev. Ltd. Partnership v. H.O.T., Inc.*, 96 Ohio App.3d 475, 481 (9th Dist.1994), citing *Gelfand v. Stys*, 8th Dist. Cuyahoga No. 9171, 1929 WL 2761, *2 (Jan. 14, 1929).

{**¶5**}   "A defendant appealing a judgment of forcible entry and detainer may overcome a ruling of mootness by obtaining a stay of execution and/or posting a supersedeas bond."   *Goldstein* at ¶ 4.   If a landowner is successful in a forcible entry and detainer action, however, and the "defendant fails to obtain a stay of execution and/or post a supersedeas bond, all issues relating to forcible entry and detainer are rendered moot."   *Id.*

{**¶6**}   Mr. Pretlow sought a stay of the judgment from the municipal court under a CDC order temporarily halting evictions.   The court denied his request because it determined that the order only applied to those who were occupying residential premises under a rental agreement and not all occupiers of such premises.   It notified Mr. Pretlow, however, that, if he obtained a stay from this Court, the bailiff would be ordered to delay any further proceedings.   Mr. Pretlow next filed a document in the municipal court that appeared to indicate that he had filed for bankruptcy.   The court, however, determined that the filing did not automatically stay its

judgment because the eviction was not based on the nonpayment of rent. The court also explained that the eviction would go forward unless otherwise ordered by the United States Bankruptcy Court or another court with jurisdiction over the matter.

{¶7} Mr. Pretlow did not seek a stay of the municipal court's judgment in this Court under Appellate Rule 7(A). According to Farla, Mr. Pretlow has vacated the property and it is in active possession of the property. We, therefore, conclude that Mr. Pretlow's appeal is moot.

III.

{¶8} Mr. Pretlow did not obtain a stay of the municipal court's judgment and Farla is in possession of the premises. Accordingly, Mr. Pretlow's assignments of error are moot. The appeal is dismissed.

Appeal dismissed.

―――――

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
SUTTON, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

FRED PRETLOW, pro se, Appellant.

WILLIAM F. MCDONOUGH, Attorney at Law, for Appellee.