[Cite as *Bewley v. Hudson*, 2023-Ohio-4768.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

GARY BEWLEY

    Appellee

    v.

LINDA HUDSON, et al.

    Appellants

C.A. No.      23CA0030-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    22CIV0353

DECISION AND JOURNAL ENTRY

Dated: December 27, 2023

---

CARR, Judge.

**{¶1}** Appellants Linda and Billy Hudson (collectively "the Hudsons"), A Taste of Summer, LLC, and Jessica Frazier appeal the judgment of the Medina County Court of Common Pleas. This Court dismisses the appeal as moot.

I.

**{¶2}** In April 2022, Appellee Gary Bewley filed a complaint for forcible entry and detainer in the Medina Municipal Court naming Ms. Hudson and A Taste of Summer, LLC as Defendants. Mr. Bewley alleged that Ms. Hudson operated a U-Haul business on property adjacent to his and that Ms. Frazier, Ms. Hudson's daughter, operated A Taste of Summer, LLC, also on land adjacent to Mr. Bewley's. Mr. Bewley allowed Ms. Hudson and A Taste of Summer, LLC to utilize a portion of Mr. Bewley's parking lot and allowed A Taste of Summer, LLC to use a kitchen on Mr. Bewley's property. Following a disagreement, Mr. Bewley requested that Ms.

Hudson and A Taste of Summer, LLC discontinue using his property. The record discloses that Mr. Bewley and Ms. Hudson are siblings.

{¶3}    Ms. Hudson filed an answer and a counterclaim. Therein, she maintained that she and Mr. Hudson owned the property adjacent to Mr. Bewley's and that the Hudson's operated a U-Haul business from their property since 1982. Ms. Hudson maintained that they could only access their property by crossing Mr. Bewley's and thus they had an easement. Ms. Hudson sought in excess of $25,000 in damages. As the request for relief exceeded the jurisdictional limits of the municipal court, the matter was thereafter transferred to the court of common pleas.

{¶4}    A Taste of Summer, LLC filed an answer to the complaint and also filed a counterclaim and a third-party complaint naming Ms. Hudson and Skyview Lodge, Inc., which was an event center operated by the family on Mr. Bewley's property. Within that document, Ms. Frazier also purported to file a third-party complaint naming Mr. Bewley, Ms. Hudson, and Skyview Lodge, Inc.

{¶5}    In the counterclaim, A Taste of Summer, LLC asserted claims for quantum meruit and easement by estoppel as to Mr. Bewley. As to the third-party complaints, A Taste of Summer, LLC and Ms. Frazier each asserted a claim for quantum meruit and Ms. Frazier raised a claim of easement by estoppel as to Mr. Bewley. Thereafter, a joint stipulation was filed to join Mr. Hudson as a Defendant. The parties then filed a joint motion to allow Ms. Frazier to intervene in the action in light of the answer and related filings of A Taste of Summer, LLC. The motion was granted.

{¶6}    Skyview Lodge, Inc. then filed a counterclaim asserting that Ms. Frazier engaged in disgorgement and breached a duty of loyalty as well as committed civil theft. A Taste of Summer, LLC and Ms. Frazier sought to amend their pleadings and were granted leave to do so. The amendment added claims of easement by prior use.

**{¶7}** In August 2022, the Hudsons filed a separate action seeking injunctive relief and naming Mr. Bewley and Brunswick Hills Township as Defendants. The Hudsons maintained that the fence that Mr. Bewley was planning to construct violated zoning ordinances, would prevent the Hudsons from accessing their property, and that the Hudsons possessed an easement. The Hudsons also filed a motion for a temporary restraining order and injunction. The parties reached agreement with respect to the injunctive relief issues. The Hudsons agreed to dismiss Brunswick Hills Township and it was agreed that the Hudsons and A Taste of Summer, LLC could access portions of Mr. Bewley's property subject to further order of the trial court. This action was ultimately consolidated with the other matter. In the other matter, A Taste of Summer, LLC filed a motion seeking a restraining order and an injunction preventing Mr. Bewley from interfering with the business after Ms. Frazier discovered actions that she believed violated the agreement.

**{¶8}** In October 2022, the forcible entry and detainer action was tried before a magistrate together with the claims of easement. The magistrate found in favor of Mr. Bewley on the forcible entry and detainer action and concluded that there had not been a demonstration of implied easement by necessity, prior use, or estoppel. The magistrate recommended staying the judgment for 90 days to allow time for access to be developed to the Hudsons' property. Objections were filed.

**{¶9}** In March 2023, the trial court entered judgment adopting and modifying the magistrate's decision. The trial court found in favor of Mr. Bewley as the magistrate had, but ordered that the judgment would be stayed until October 31, 2023, in order that the Hudsons could implement a plan to access their property.

**{¶10}** Thereafter, A Taste of Summer, LLC and Ms. Frazier dismissed their remaining claims against Mr. Bewley, Ms. Hudson, and Skyview Lodge, Inc. without prejudice. Mr. Bewley

and Skyview Lodge, Inc. then filed a similar motion dismissing their remaining claims. On March 30, 2023, the trial court entered judgment dismissing any remaining claims and motions. The Hudsons, Ms. Frazier, and A Taste of Summer, LLC moved to stay the judgment pending appeal, but that motion was ultimately denied.

{¶11} The Hudsons, Ms. Frazier, and A Taste of Summer, LLC have appealed, raising two assignments of error, which will be addressed together to facilitate our review. Mr. Bewley filed a motion to dismiss the appeal as moot. The motion was opposed, and this Court deferred the decision on the issue until final disposition of the appeal. The issue of mootness was also discussed at oral argument.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED IN ALLOWING THE FORCIBLE ENTRY AND DETAINER TO PROCEED AS A MATTER OF LAW, AS APPELLANT[S] ARE NOT TENANTS NOR OCCUPANTS PURSUANT TO []R.C. 1923.02

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERRED IN DENYING APPELLANTS['] CLAIMS TO AN IMPLIED EASEMENT BY NECESSITY.

{¶12} The Hudsons, Ms. Frazier, and A Taste of Summer, LLC argue in their first assignment of error that the trial court erred in allowing the matter to proceed as a forcible entry and detainer action. They assert in their second assignment of error that the trial court erred in denying the claims to an implied easement by necessity. Specifically, they argue that Mr. Bewley has made it "nearly impossible" to finish the needed construction to provide themselves with access to their property.

{¶13} "As a general rule, courts will not resolve issues which are moot." *State v. Swisher*, 9th Dist. Summit No. 30169, 2023-Ohio-3327, ¶ 5, quoting *Boncek v. Stewart*, 9th Dist. Summit

No. 21054, 2002-Ohio-5778, ¶ 10. "Actions are moot when they involve no actual genuine controversy which can definitely affect the parties' existing legal relationship. A moot case is one which seeks to get a judgment * * * upon some matter which, when rendered, for any reason cannot have any practical legal effect upon a then-existing controversy." (Internal quotations and citations omitted.) *Harris v. Akron*, 9th Dist. Summit No. 24499, 2009-Ohio-3865, ¶ 7. "[A] court may consider evidence that is outside the record to determine if a case is moot." (Internal quotations and citations omitted.) *Breen v. Summit Cty. Child Enforcement Agency*, 9th Dist. Summit No. 28759, 2018-Ohio-2501, ¶ 7.

{¶14} In the motion to dismiss, Mr. Bewley asserts that, on November 2, 2023, a writ of execution was served on the Hudsons effectuating the eviction order. The writ of execution was attached to the motion to dismiss.

{¶15} "A forcible entry and detainer action decides the right to immediate possession of property and nothing else." (Internal quotations omitted.) *Farla LLC v. Pretlow*, 9th Dist. Lorain No. 21CA011731, 2021-Ohio-4468, ¶ 4, quoting *Goldstein v. Patel*, 9th Dist. Lorain Nos. 02CA008183, 02CA008199, 2003-Ohio-4386, ¶ 4, quoting *Seventh Urban, Inc. v. Univ. Circle Property Dev., Inc.*, 67 Ohio St.2d 19, 25, fn. 11 (1981). "Once the landowner has been restored to his property, the forcible entry and detainer action becomes moot because there is no further relief that may be granted to the landowner." *Farla LLC* at ¶ 4, quoting *Goldstein* at ¶ 4. "That is because retrial of the matter would not give the landowner anything more than what it had already acquired, which is possession of the premises." *Farla LLC* at ¶ 4.

{¶16} "A defendant appealing a judgment of forcible entry and detainer may overcome a ruling of mootness by obtaining a stay of execution and/or posting a supersedeas bond." *Farla LLC* at ¶ 5, quoting *Goldstein* at ¶ 4. "If a landowner is successful in a forcible entry and detainer

action, however, and the 'defendant fails to obtain a stay of execution and/or post a supersedeas bond, all issues relating to forcible entry and detainer are rendered moot.'" *Farla LLC* at ¶ 5, quoting *Goldstein* at ¶ 4.

{¶17}   While the judgment was initially stayed, it expired at the end of October 2023, and the Hudsons, Ms. Frazier, and A Taste of Summer, LLC were unable to obtain a further stay.  Thus, issues related to the forcible entry and detainer proceedings are moot.

{¶18}   Moreover, the essence of the second assignment of error is an assertion that Mr. Bewley's actions were preventing the Hudsons from completing the construction of the alternative access point.  However, that argument is also moot, as it became apparent at oral argument that alternative access is now available.

{¶19}   Accordingly, both assignments of error have been rendered moot.

III.

{¶20}   The assignments of error are moot.  The appeal is dismissed.

Appeal dismissed.

_____

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

_____
DONNA J. CARR
FOR THE COURT

SUTTON, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

JOHN C. OBERHOLTZER, Attorney at Law, for Appellants.

JEFFREY S. MOELLER and AMELIA J. LEONARD, Attorneys at Law, for Appellee.